865 P.2d 972

STATE of Idaho, Plaintiff–Respondent

v.

Lonnie L. TOWNSEND, Defendant–Appellant.

No. 18866.

Supreme Court of Idaho,
Lewiston, October 1993 Term.

Dec. 28, 1993.

Clark & Feeney, Lewiston, for defendant-appellant. Paul Thomas Clark, argued.

Larry EchoHawk, Atty. Gen., and Douglas A. Werth, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

1992 OPINION NO. 137, FILED DECEMBER 2, 1992, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR

## ON REHEARING

SILAK, Justice.

Lonnie L. Townsend appeals from the district court's sentencing order entered after a jury found him guilty of felony aggravated battery and misdemeanor assault. On appeal, Townsend asserts that his aggravated battery conviction was invalid because the jury's verdict was inconsistent and not supported by substantial evidence. Townsend also contends that the district court improperly allowed the jury to consider his hands deadly weapons for the purpose of enhancing the battery charge to aggravated battery. Finally, Townsend challenges the trial court's failure to instruct the jury on all lesser included offenses. For the reasons stated below, we vacate and remand for a new trial.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS.

On November 15, 1989, Lonnie L. Townsend physically attacked his wife. The attack began as Townsend followed his wife in his pickup truck while she was driving on a public street in her own car. Townsend's wife testified, and several bystanders confirmed, that she was driving at a speed of thirty to thirty-five miles per hour when Townsend pulled along side her car, looked at her, and then intentionally drove his truck into her car, forcing her off the road.

After both vehicles came to a complete stop, Townsend jumped out of the truck and yelled that he was going to kill her. When he approached her car he struck the driver's side window with an object alleged to be a tire iron or crow bar. Before Townsend's wife could escape, Townsend entered the vehicle, held her down on the car seat, again threatened to kill her, and began striking her in the face with his fists. He then choked her until she was unconscious. A subsequent blow to the eye revived her.

A bystander pulled Townsend away from his wife and out of the car. However, the bystander let Townsend loose again and he renewed his attack on his wife. He forced her down on the ground, sat on her abdomen, and pinned her arms and hands with his legs and knees. He then began to violently strike her face and head with his closed fists. A bystander again pulled Townsend off his wife and she escaped into a neighboring home.

Townsend was charged with aggravated battery and aggravated assault. I.C. §§ 18–907 & 18–905. Count I of the information alleged that Townsend's attack on his wife constituted aggravated battery, as opposed to simple battery, because in committing the battery he used a deadly weapon in the form of "a Ford Pick-up, and/or [the] defendant's hands." Count II alleged that Townsend committed aggravated assault, as opposed to simple or misdemeanor assault, in that a deadly weapon, in the form of a pick-up, tire iron, or the defendant's hands, was used in the assault.[1]

The case proceeded to trial. At the close of the State's case, counsel for Townsend moved to dismiss the information or for a

---

1. The state amended its information once before trial and a second time, after presenting its evidence to the jury. However, the amendments to the information are not material to this appeal.

directed verdict. In support of his motion, Townsend's attorney argued that one vehicle striking another, without direct contact with the victim, does not constitute battery or assault. It was further argued that Townsend's hands did not constitute "deadly weapons" under the statute. The trial court rejected these arguments and permitted the case to go to the jury.

The trial court instructed the jury that it could find Townsend guilty of lesser included offenses if they did not find Townsend guilty of the charged crimes. The jury was instructed that the lesser offenses included in aggravated battery are simple assault, simple battery and aggravated assault. The jury was also instructed that the lesser offense included in aggravated assault is simple assault. The trial court instructed the jury as to the elements of each charged crime as well as each lesser included offense. With respect to Count I, the jury found Townsend guilty of aggravated battery. With respect to Count II, the jury found Townsend guilty of simple assault.

Townsend moved for a new trial or for an acquittal. The motion for new trial was denied. The trial court also denied the motion for acquittal as to the aggravated battery conviction but, in effect, granted the acquittal motion as to the simple assault conviction. The court then entered its sentencing order, which granted the defendant a withheld judgment on the aggravated battery conviction, and dismissed the assault count. This appeal followed.

## II. ANALYSIS

### A. THE JURY VERDICT WAS NOT INCONSISTENT.

■ Townsend first argues that the jury rendered inconsistent verdicts in finding him guilty of aggravated battery as to Count I, but finding him guilty of only simple assault as to Count II. The predicate for Townsend's argument is that aggravated assault, simple assault, and simple battery are all lesser included offenses of aggravated battery. Under the Court's instructions, the jury was required to find the defendant not guilty of aggravated assault as to Count II

before considering the lesser included offense of simple assault. Townsend argues that the finding of not guilty of aggravated assault as to Count II, is inconsistent with the verdict of guilty on the aggravated battery charge set forth in Count I. Such a logical inconsistency, it is argued, requires a reversal of the conviction entered pursuant to the jury's verdict.

Townsend concedes that the U.S. Supreme Court has held that inconsistent verdicts, in and of themselves, do not warrant reversal of a conviction. *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). While the rule stated in the *Dunn* decision has been subject to criticism, this Court has found it unnecessary to consider its vitality under Idaho law, because it has not been presented with a case in which the jury returned truly inconsistent verdicts. *See State v. Garcia,* 102 Idaho 378, 630 P.2d 665 (1981). Today, we again conclude that the verdict rendered in this case is capable of reconciliation, and decline Townsend's invitation to consider whether the *Dunn* decision has application in the Idaho courts.

The two counts contained in the information alleged separate offenses perpetrated with different instrumentalities. Count I charged Townsend with aggravated battery committed through the use of a deadly weapon in the form of "a Ford Pick-up, and/or [the] defendant's hands." Count II alleged that Townsend committed aggravated assault through the use of a deadly weapon in the form of a pick-up, a tire iron, or the defendant's hands. Were the instrumentalities in the different counts the same, there would be some basis for Townsend's argument that the verdicts were inconsistent. However, it seems apparent that the jury focused on the tire iron as the instrumentality of assault and on Townsend's vehicle or his hands as the instrumentality of battery. This much is clear from a review of the evidence at trial and its interplay with the court's instructions.

Three separate instrumentalities were used by Townsend in attacking his wife. The evidence at trial supports the conclusion that Townsend intentionally drove his pickup into

his wife's vehicle, jostling her around inside the car, and forcing her off the road. Townsend then approached his wife's car, verbally threatening her, and striking the car with a tire iron or crow bar. Thereafter, Townsend attacked her with his hands, choking her to a point of unconsciousness and striking her face and head while her arms were pinned behind her.

The jury could reasonably conclude that Townsend's use of his truck and his hands constituted a use of force or violence upon his wife's person or an intentional striking of his wife against her will. Either conclusion would justify a finding of battery under the trial court's instructions.[2] As will be discussed hereinafter, the jury could also have concluded that the manner in which Townsend used his truck to attack his wife constituted the use of a deadly weapon which would support a finding of aggravated battery.

The trial court also instructed the jury that assault includes a threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent. Under this instruction, the jury could reasonably conclude that Townsend's verbal threats, accompanied by his use of a tire iron or crow bar to strike his wife's vehicle, constituted an assault. Likewise, the jury could reasonably conclude that Townsend's use of the tire iron or crow bar was such that it could not be considered a deadly weapon.

Thus, given that the distinct counts involved different instrumentalities, and that the evidence suggests a basis for a conclusion that the defendant committed aggravated battery with his hands or his motor vehicle, while committing only simple assault through verbal threats accompanied by his menacing use of a tire iron, the jury's verdicts are reconcilable. We therefore affirm the district court's denial of Townsend's motion for a new trial or acquittal based upon a claim of inconsistent verdicts.

## B. THE EVIDENCE WAS SUFFICIENT TO SUPPORT A FINDING OF AGGRAVATED BATTERY BASED ON TOWNSEND'S USE OF A MOTOR VEHICLE.

Townsend contends that the evidence at trial was insufficient to support a verdict that he used his pickup truck to perpetrate a battery upon his wife. The basis for his argument, is that his vehicle did not strike his wife directly, but only struck the vehicle which she was driving. Without direct contact with the victim, it is argued, there can be no battery. We find Townsend's arguments unpersuasive.

Idaho Code § 18–903 defines battery as any:

(a) Willful and unlawful use of force or violence upon the person of another; or

(b) Actual, intentional and unlawful touching or striking of another person against the will of the other.

However, the willful use of force or the intentional striking of another person which is made criminal by the statute may be committed indirectly through an intervening agency which the defendant set in motion. Likewise, it need not be committed directly against the victim; it may be committed against anything intimately connected with the person of the victim. LaFave & Scott, *Handbook on Criminal Law,* § 81 at 604 (1972); 6 Am.Jur.2d, *Assault and Battery,* § 5 at 10 (1963); 6A C.J.S., *Assault and Battery,* § 70 at 440 (1975); *Malczewski v. State,* 444 So.2d 1096 (Fla.Dist.Ct.App.1984) (stabbing money bag held by victim); *Stokes v. State,* 233 Ind. 10, 115 N.E.2d 442 (1953) (bullet perforating victim's tie and creasing victim's shirt). Under this view, the use of a motor vehicle to intentionally strike another occupied motor vehicle may constitute battery. *Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738 (1956). *See generally, Carson v.*

---

**2.** The jury was properly instructed that battery consisted of the:

(a) willful and unlawful use of force or violence upon the person of another; or

(b) actual, intentional and unlawful touching or striking of a person against the will of the other; or

(c) unlawfully and intentionally causing bodily harm to an individual.

*Nationwide Mut. Ins. Co.*, 14 O.O.2d 137, 169 N.E.2d 506 (1960); *Martin v. State*, 98 Ga. App. 136, 105 S.E.2d 250 (1958); *State v. Sudderth*, 184 N.C. 753, 114 S.E. 828 (1922).

Townsend further argues that the type of indirect contact involved in the facts of this case can only constitute a battery if there is some type of physical injury to the victim. However, such an argument disregards the statutory language which only requires a "willful and unlawful use of force or violence" or an "actual, intentional and unlawful touching or striking of another person." Nothing in the statute requires physical injury. Indeed, we have little difficulty in concluding that intentionally striking a car with a pickup truck, when both vehicles are being operated at 35 miles per hour, would generate whatever physical disturbance may be implicitly required by the statute. Accordingly, we find that the evidence was sufficient to support the jury's verdict of aggravated battery based upon Townsend's use of his pickup truck to strike the car which his wife was driving.

### C. THE TRIAL COURT ERRED IN PERMITTING THE JURY TO CONSIDER TOWNSEND'S HANDS DEADLY WEAPONS.

▆▆▆ Townsend next contends that his hands could not be considered deadly weapons. The Information charged Townsend with aggravated battery committed through the use of a deadly weapon in the form of "a Ford Pick-up, and/or [the] defendant's hands...." The trial court instructed the jury as to the charges contained in the Information, and indicated that Townsend could only be convicted of aggravated battery if he committed a battery through the use of a deadly weapon or instrument. The Court then provided the jury with the following definition of a deadly weapon:

> YOU ARE INSTRUCTED THAT a deadly weapon is one likely to produce death or great bodily injury. If it appears that the instrumentality is capable of being used in a deadly or a dangerous manner,

and it may be fairly inferred from the evidence that it's possessor intended on a particular occasion to use it as a weapon should the circumstances require, it's character as a dangerous or a deadly weapon may be thus established, at least for the purposes of that occasion.

Thus, the jury was permitted to consider whether Townsend's hands were used as deadly weapons in his attack upon his wife. Townsend contends that hands can never be considered deadly weapons, and that the trial court erred in submitting that question to the jury. Although this Court has recently concluded that a boot can be a deadly weapon under I.C. § 18–905, *State v. Huston*, 121 Idaho 738, 828 P.2d 301 (1992), we have never been called upon to consider whether a body part, by itself, may constitute a "deadly weapon" under the statute. In general, an instrumentality may be a deadly weapon if it is capable of being used in a deadly manner, and the evidence indicates that its possessor intended on that occasion to use it as a weapon.[3] *See Huston*, 121 Idaho at 740–41, 828 P.2d at 303–04; *State v. Missenberger*, 86 Idaho 321, 386 P.2d 559 (1963). Although this suggests that the decision as to what constitutes a deadly weapon is a fact-sensitive determination, it is implicit within the definition that some instrumentality, apart from the human body, must be involved.

If one's hands can be considered a deadly weapon, every battery involving the use of one's hands could be charged, prosecuted and submitted to the jury as aggravated battery, and every assault involving the threatened use of one's hands could be charged, prosecuted, and submitted to the jury as aggravated assault. This would blur the statutory distinction between simple misdemeanor assault or battery and aggravated felony assault or battery, and thereby do violence to the legislative intent in providing enhanced punishment for the use of a deadly weapon in the commission of an assault or battery. We therefore conclude that hands, or other body parts or appendages, may not, by themselves, constitute deadly weapons under the

3. This definition provided the basis for the court's instruction to the jury concerning the

definition of "dangerous weapon."

aggravated assault and aggravated battery statutes. Accordingly, we conclude that the trial court erred in permitting the jury to consider whether the manner in which Townsend used his hands to attack his wife constituted the use of a deadly weapon.

## D. THE COURT'S HOLDING REQUIRES THAT THE CASE BE REMANDED FOR A NEW TRIAL.

■ The jury was instructed that it could convict Townsend of aggravated battery under I.C. § 18–905 if it found that Townsend's use of either his vehicle or his hands during the battery constituted use of a deadly weapon as proscribed by the statute. We have decided that the instruction that the jury could find Townsend guilty of aggravated battery by considering his hands deadly weapons was legally incorrect because hands do not constitute deadly weapons under the statute. The jury verdict did not specify whether the jury found that the aggravated battery was committed with Townsend's vehicle, his hands, or both. Thus, we are unable to discern whether the jury based its verdict on a valid or an invalid legal theory. We must now consider what disposition is appropriate in view of our holding that while one of the theories of criminal liability given to the jury (use of the pickup as a deadly weapon) was legally valid, the other theory by which the jury was instructed it could find Townsend guilty of aggravated battery (use of his hands as deadly weapons) was legally invalid under the statute.

The decision of the United States Supreme Court in *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), provides guidance on this issue. In *Yates*, the defendants were convicted of conspiracy to violate the Smith Act, 18 U.S.C. § 2325, by advocating the overthrow of the government by force and violence, and by organizing the Communist Party to advocate the violent overthrow of the government. *Id.* at 300, 77 S.Ct. at 1067. The Supreme Court ruled the organizing charge was barred by the statute of limitations, *id.* at 312, 77 S.Ct. at 1073, and rejected the government's argument that the conspiracy conviction could be affirmed based on the first allegation of advocacy. *Id.*

at 311, 77 S.Ct. at 1073. The *Yates* Court observed that the jury was required to find an overt act in furtherance of the conspiracy, and there was "no way of knowing whether the overt act found by the jury was one which it believed to be in furtherance of the 'advocacy' rather than the 'organizing' objective of the alleged conspiracy." *Id.* at 311–12, 77 S.Ct. at 1073. As to the remedy for the defective verdict, the Court stated:

> the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected.

*Id.* at 312, 77 S.Ct. at 1073. In so holding, the *Yates* Court relied on *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), which holds that where a provision of the Constitution prohibits criminal conviction on a particular ground, the constitutional guarantee of due process is violated by a general verdict that may have been based upon an unconstitutional ground. *Id.* at 368, 51 S.Ct. at 535. *Yates* did not, however, involve conviction upon an unconstitutional ground, but rather upon an illegal ground.

■ In *Griffin v. United States*, —— U.S. ——, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the Supreme Court limited its holding in *Yates* to situations in which one of the possible bases of conviction was *legally* insufficient—as was the case in *Yates* —as opposed to *factually* insufficient. *Griffin* did not, however, overrule *Yates*, specifically noting that "[o]ur continued adherence to the holding of *Yates* is not at issue in this case." —— U.S. at ——, 112 S.Ct. at 472. Thus, the *Yates* rule, that when a general verdict of guilt possibly rests upon an illegal ground the correct remedy is to vacate the conviction and remand for a new trial, remains valid. *See, e.g., United States v. Self*, 2 F.3d 1071, 1092 (10th Cir.1993).

This Court in *State v. Pratt*, Nos. 18424 & 19736 —— Idaho ——, —— P.2d —— (Id. S.Ct. July 27, 1993), applied the same approach as did the *Yates* Court. In *Pratt*, the jury was instructed it could find Pratt guilty of attempted first degree murder if it found: (1) that Pratt attempted to kill a law enforcement officer, or (2) that the attempted mur-

der occurred during the commission of certain felonies. The jury convicted Pratt of attempted first degree murder. On appeal this Court held that attempted felony murder is not a legally valid criminal offense. The Court further held that because it was unable to discern whether the jury's verdict finding Pratt guilty of attempted first degree murder was based on the valid theory that the attempt was against a law enforcement officer, or the invalid theory that the attempt occurred during the commission of certain felonies, the jury's verdict of conviction regarding attempted first degree murder must be vacated.

As in *Yates* and *Pratt, supra,* this case involves a conviction possibly based upon a charge legally insufficient. It is impossible to determine from this record whether Townsend was convicted under the legally insufficient charge of using his hands as a deadly weapon, or under the theory of use of the vehicle as a deadly weapon. Accordingly, the conviction and sentence must be vacated and the case remanded for a new trial.

### E. THE JURY WAS PROPERLY INSTRUCTED AS TO LESSER INCLUDED OFFENSES.

Although our decision today requires that the case be remanded for a new trial, we will address Townsend's contentions concerning the court's instructions on lesser included offenses, so as to provide the trial court with guidance on this issue. Townsend argues that the trial court should have instructed the jury that all lesser included offenses, such as assault, aggravated assault, and simple battery, are elements of the greater offense of aggravated battery and, therefore, must necessarily be found to have been committed by Townsend in the commission of aggravated battery. From our review of the record, we find no shortcoming in the trial court's instructions.

The trial court instructed the jury that aggravated assault, battery, and assault are lesser included offenses of the aggravated battery charge stated in Count I of the Information. Similarly, the trial court instructed the jury that simple assault is a lesser included offense of the aggravated assault charge

stated in Count II. The jury was also instructed as to the elements of each greater offense and each lesser included offense. Finally, the jury was instructed that if it unanimously found that Townsend was not guilty of aggravated battery or aggravated assault, it must then determine if he was guilty or not guilty of any of the lesser offenses included in each. As such, the trial court complied with the mandate of I.C. § 19–2132(c), which requires that the jury be instructed that it may only consider lesser included offenses if it has concluded that the defendant is not guilty of the greater offense. We conclude that the jury was properly instructed, and that the instructions requested by Townsend were adequately covered by other instructions given by the Court. *State v. Johns,* 112 Idaho 873, 736 P.2d 1327 (1987). Accordingly, we find no error in the court's instructions concerning lesser included offenses.

Townsend has raised additional issues on appeal. The issues raised do not merit further discussion or are resolved by our decision. For the reasons stated in this decision, we vacate the defendant's conviction and remand the case to the district court for a new trial.

McDEVITT, C.J., BISTLINE and JOHNSON, JJ., and MICHAUD, J. Pro Tem., concur.