953 P.2d 604

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel W. BUCKLEY, Defendant–Appellant.**

**No. 24217.**

Supreme Court of Idaho,
Boise, January 1998 Term.

March 10, 1998.

John M. Adams, Chief Public Defender, J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for appellant. J. Bradford Chapman argued.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

JOHNSON, Justice.

This is a criminal case. We vacate the conviction and sentence because the trial court incorrectly instructed the jury on the findings they were required to make to convict the defendant.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Daniel W. Buckley (Buckley) shot Michael Byrnes (Byrnes) during a dispute over a debt Byrnes owed to Buckley's girlfriend. Buckley was charged with attempted first degree murder and pled not guilty. Following a trial, the jury found Buckley guilty of attempted murder in the second degree. The trial court sentenced Buckley to a unified

fifteen year sentence, with a fixed five-year term of confinement. Buckley appealed from the judgment of conviction and the sentence. This Court assigned the case to the Court of Appeals. Following a decision of the Court of Appeals vacating the conviction and remanding the case for a new trial, this Court granted the state's petition for review.

## II.

### THE TRIAL COURT INCORRECTLY INSTRUCTED THE JURY.

Buckley asserts that the trial court incorrectly failed to include intent to kill in its instruction telling the jury what findings they must make to convict Buckley of attempted second degree murder. We agree.

Without objection from Buckley's trial counsel, the trial court included the following instruction in those it gave the jury:

### INSTRUCTION NO. 18

In order for the defendant to be guilty of Attempted Murder in the Second Degree, the state must prove each of the following:

1.   On or about December 10, 1994;

2.   in the state of Idaho;

3.   the defendant DANIEL WALTER BUCKLEY engaged in conduct which would have caused the death of Michael Joseph Byrnes;

4.   the defendant acted without justification or excuse, and;

5.   with malice aforethought.

If you find that the state has failed to prove any of the above, then you must find the defendant not guilty of attempted murder in the second degree. *If you find that all of the above have been proven beyond a reasonable doubt then you must find the defendant guilty of attempted murder in the second degree.*

(emphasis added). Despite the lack of objection to this instruction, we must address whether the instruction was correct. *State v. Smith*, 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990).

Instruction No. 18 required the jury to convict Buckley of attempted murder in the second degree if it found each of the stated elements. The instruction was incorrect because it did not require the jury to find that Buckley intended to kill Byrnes. *State v. Pratt*, 125 Idaho 546, 558, 873 P.2d 800, 812 (1993).

The state argues that Instruction No. 9 and Instruction No. 24 given by the trial court cured this deficiency. We disagree. Instruction No. 9 stated:

Malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears, or when the circumstances attending to the killing show an abandoned and malignant heart.

This description is taken from section 18–4002 of the Idaho Code (I.C.). If the jury had found that Buckley shot Byrnes with express malice, this would have fulfilled the element of intent to kill that is necessary for a conviction of attempted second degree murder. If the jury had found that Buckley shot Byrnes with implied malice, this would not have fulfilled the element of intent to kill. Pursuant to Instruction No. 9, the jury might have concluded that there was no considerable provocation or that the circumstances attending the shooting showed an abandoned and malignant heart.

A portion of Instruction No. 24 stated: "The crime of MURDER IN THE SECOND DEGREE requires the specific intent to kill a human being with malice aforethought." This does not cure the incorrectness of Instruction No. 18, which required the jury to convict Buckley even if it found implied malice aforethought.

The state asks us to uphold Buckley's conviction despite the incorrectness of Instruction No. 18 based on *State v. Marren*, 17 Idaho 766, 107 P. 993 (1910), *State v. Briill*, 21 Idaho 269, 121 P. 79 (1912), and *State v. Rutten*, 73 Idaho 25, 245 P.2d 778 (1952). We conclude, however, that each of these cases is distinguishable.

■ In *Marren*, the Court concluded that an erroneous instruction concerning circumstantial evidence and reasonable doubt did not prejudice the defendant because other instructions charged the jury correctly about circumstantial evidence and because the evidence was "so clear and convincing of the guilt of the [defendant] that the jury could in no possible manner have been influenced to return a verdict of guilty by the objectionable matter contained in this instruction." 17 Idaho at 790, 107 P. at 1001. The opposite is true in the present case. Although there was evidence indicating Buckley's intent to kill Byrnes, there was also evidence to the contrary. Buckley testified that he did not aim at Byrnes. He also testified that he didn't know how the shooting happened. Although he acknowledged that his first shot in the air was intentional, he said the second shot, which hit Byrnes, was not intentional. This evidence could have convinced the jury that Buckley did not have the intent to kill Byrnes but that his conduct fulfilled the elements of Instruction No. 18, including implied malice aforethought.

In *Briill*, the Court ruled that an erroneous instruction did not prejudice the rights of the defendant because the defendant relied on alibi as his defense, not on the element of the crime that was erroneously described in the instruction. 21 Idaho at 274, 121 P. at 80. Buckley did not rely on alibi, but defended on the basis that he was not guilty of the crimes the jury was instructed they might consider, including attempted second degree murder.

In *Rutten*, the instruction which the Court found to be erroneous stated as follows:

> If you find that the building was entered into, with the intent to take, steal, and carry away, or drive away, anything of value, then you must find that the offense of burglary was committed, and it is not necessary that any specific goods were intended to be stolen.

73 Idaho at 32, 245 P.2d at 782. In refusing to overturn the conviction based on this instruction, the Court stated:

> It is true as contended that this instruction does not contain all the requisites necessary for conviction of the offense of burglary.... An examination of the charge of the trial court as a whole discloses that the court instructed the jury as to all the essential elements of the offense of burglary and that they must be proven by the state beyond a reasonable doubt. The trial court is not required to set out all the law applicable to the facts in the case in one instruction. Instructions are to be considered by the jury as a whole in ascertaining what the law is for their guidance. When read in connection with all the other instructions given by the court, the challenged instruction could not in any way have prejudicially misled the jury.

*Id.* (citation omitted). This statement about the deficiency in the instruction leads us to the conclusion that the "requisites" that were not contained in the instruction did not relate to the elements of the offense, but rather to other matters, perhaps the requirement that the proof must be beyond a reasonable doubt before the jury may convict. We reach this conclusion because the instruction to which the Court refers in this portion of *Rutten* contains the necessary elements of the crime of burglary. The elements of the offense of burglary are included in the following statute:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary.

I.C. § 18–1401 (1948). In the present case, Instruction No. 18 purported to tell the jury all the elements of the crime of attempted second degree murder they would have to find to convict Buckley of that offense. By leaving out the element of the intent to kill, it did not include all the elements of the crime. Therefore, *Rutten* is not applicable to the present case.

■ The state contends that we should uphold the conviction on the ground that the error in Instruction No. 18 was harmless. Because the error in Instruction No. 18 was a legal error, the doctrine of harmless error is not applicable. In *State v. Townsend*, this Court determined that in cases where it is not possible "to discern whether the jury

based its verdict on a valid or invalid legal theory," the jury's verdict of conviction must be vacated and the case remanded for a new trial. 124 Idaho 881, 887, 865 P.2d 972, 978 (1993). In the present case, it is impossible to determine whether Buckley was convicted under the legally valid theory of express malice (intent to kill) or the legally invalid theory of implied malice.

### III.

### CONCLUSION

We vacate the conviction and sentence and remand the case for further proceedings.

Because we are unable to determine whether the jury found that Buckley had the intent to kill Byrnes, we do not address the sufficiency of the evidence to support the conviction. We also find it unnecessary to address the other issues Buckley has raised.

TROUT, C.J., and SILAK, J., and EISMANN, J. Pro Tem, concur.

SCHROEDER, Justice, specially concurs.

I concur in the reasoning and result of the Court's opinion. There is an additional factor that weighs in the result. Instruction No. 18 is an inaccurate statement of the law, but there is an argument the error was harmless since other instructions set forth an accurate statement of the law. There is evidence that the instruction was not cured by other instructions.

The official record of this case includes Instruction No. 18 which has writing upon it. The word "implied" is written in after the reference to malice aforethought. Neither party could identify how this word came to be on the instruction, but it is clear that the word "implied" was either written by the district judge or by the jury. Otherwise, it would be necessary to conclude that somebody has tampered with the record. There is no indication at all of that. If written by the district judge, which is highly unlikely, it would mislead the jury into believing implied malice could be considered. If written by a member of the jury, which is highly likely, it indicates that at least some member of the jury considered that portion of the definition of malice which was impermissible. In the face of this clear evidence that the concept of implied malice was before the jury, it would be difficult to conclude that the error in the instruction was cured by other instructions or was otherwise harmless.