**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38587**

| | |
|---|---|
| STATE OF IDAHO, | 2012 Unpublished Opinion No. 538 |
| Plaintiff-Respondent, | Filed: June 27, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| SHANE ERICK CRAWFORD, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and concurrent unified sentences of twenty-five years, with minimum periods of confinement of six years, for two counts of lewd conduct with a minor under the age of sixteen, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, <u>and</u> <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Shane Erick Crawford appeals from his judgment of conviction and sentences for two counts of lewd conduct with a minor under the age of sixteen. For the reasons set forth below, we affirm in part, vacate in part, and remand for a new trial.

**I.**

**FACTS AND PROCEDURE**

In 2010, the state filed a complaint charging Crawford with two counts of lewd conduct with a minor under the age of sixteen, I.C. § 18-1508, identified as Count I and Count II. The state also charged Crawford with two counts of sexual abuse of a child under the age of sixteen (Counts III and IV). The alleged victim in Count I was Victim I and the alleged victim in the remaining counts was Victim II. Crawford was found guilty of Count I and Count II and

1

acquitted of the two remaining counts. The district court imposed concurrent unified terms of twenty five years, with minimum periods of confinement of six years, for Count I and Count II. Crawford appeals.

## II.

## ANALYSIS

Crawford argues that the district court denied his right to due process by failing to instruct the jury, in response to a jury question, that the breast area is not a genital for the purpose of finding Crawford guilty of lewd conduct pursuant to I.C. § 18-1508. Crawford also argues that the district court imposed excessive sentences.

**A.      Jury Question**

Idaho Code Section 18-1508 provides:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Here, in Count I, the state alleged that Crawford committed lewd conduct with Victim I by having manual-genital contact with her with the intent to appeal to and or gratify his sexual desire. Likewise, the state alleged in Count II that Crawford committed lewd conduct with Victim II by having manual-genital contact with her with the intent to appeal to and or gratify his sexual desire.

At trial, Victim I testified that, while she was lying on a couch in a living room and watching a movie with Crawford, Crawford reached up her shirt and groped her breasts and then moved his hand into her underwear and touched her vagina. Victim II testified that, while she was in a kitchen with Crawford, Crawford asked her "what a clit was." Victim II testified that, when she responded that she did not know, Crawford said, "Well, let me show you;" approached her as she backed away; and put his hand up her shorts and touched the outside of her vaginal area. Victim II also testified that, on another occasion, she was on a couch with Crawford and he

rubbed her upper thigh and moved up toward her "bikini line." Victim II further testified that, on a different occasion, Crawford exposed his penis and tried to show it to her but she looked away. Additionally, Victim II testified that Crawford grabbed her breast in front of others at a party in a joking way. Finally, Victim II testified that, while she was on the phone on one occasion with her grandfather, Crawford began rubbing her stomach and moving his hand toward her breast, but she kept pushing Crawford's hand away.

During closing argument, the prosecutor stated to the jury:

> At the end of the day and at the end of your deliberations, I'm going to ask you to come back and return a verdict of guilty against [Crawford], guilty of [Count I] involving [Victim I] on the sofa for rubbing her tummy, going up to her breasts and down into her vagina.
> . . . . [Count II] is [Victim II] and this is the episode where [Victim II] testified [Crawford] asked her if she knew what her clit was and he put her fingers up. That's what [Count II] is referring to.
> [Count III] refers to when [Crawford] pulled his penis out, he exposed it and nudged [Victim II] and told her to look and talked about how he groomed it. That's [Count III].
> And [Count IV] is when [Crawford] grabs [Victim II's] breasts and also when he's rubbing up toward her panty line getting closer and closer.

During deliberations, the jury submitted a question to the district court asking, "In order to have committed manual-genital contact, does it require touching the *vaginal* area? Does touching of the breast-area constitute manual-genital contact?" Outside the presence of the jury, Crawford's counsel indicated that he believed the answer was "no." The district court stated, "No, the answer is reread the instructions. I'm not going to define for them manual-genital contact." The state agreed with the district court. The district court concluded:

> Well, if the jury--I do not feel comfortable defining, and, in fact, there's case law that says not only should you default to the standard instructions, but that while--while it may seem--it's tempting to want to define every single word, that it's inappropriate for the court to do so and that the jurors have to apply their understanding--their common ordinary understanding to it. And, therefore, I'm just going to tell them to reread the instructions.

Thus, the district court informed the jury to "re-read all the instructions." During deliberations, the jury also asked the district court to confirm that:

> [Count I]-[Victim I] on couch incident
> [Count II]-[Victim II] being asked about "clit"
> [Count III]-Penis exposure to [Victim II]
> [Count IV]-[Victim II] on phone [with] grandfather [and] touching her

3

In response, the district court informed the jury that the alleged victim in Count I was Victim I, the alleged victim in the remaining counts was Victim II, and the jury was to rely on its memory of the evidence.

As noted above, Crawford argues that the district court denied his right to due process by responding to the jury's question without clarifying that the breast area is not a genital for the purpose of finding Crawford guilty of lewd conduct pursuant to I.C. § 18-1508. In general, it is within the trial court's discretion to determine whether, and the manner in which, to respond to a question posed by the jury during deliberations. *State v. Sheahan*, 139 Idaho 267, 282, 77 P.3d 956, 971 (2003); *State v. Pinkney*, 115 Idaho 1152, 1154, 772 P.2d 1246, 1248 (Ct. App. 1989). This grant of discretion is premised on the assumption that the instructions as given are clear, direct, and proper statements of the law. *Sheahan*, 139 Idaho at 282, 77 P.3d at 971. Consequently, if a jury expresses doubt or confusion on a point of law correctly and adequately covered in a given instruction, the trial court in its discretion may explain the given instruction or further instruct the jury, but it is under no duty to do so. *Id.* However, if a jury makes explicit its difficulties with a point of law pertinent to the case, thereby revealing a defect, ambiguity or gap in the instructions, then the trial court has the duty to give such additional instructions on the law as are reasonably necessary to alleviate the jury's doubt or confusion. *Id.*

Here, Crawford was charged with two counts of lewd conduct pursuant to I.C. § 18-1508. Jury instruction thirteen informed the jury that, in order to find Crawford guilty of lewd conduct as charged in Count I, the jury had to find that the state proved Crawford committed an act of manual-genital contact upon or with the body of Victim I. Jury instruction fourteen instructed the jury in the same manner with respect to Count II and Victim II. By asking, "In order to have committed manual-genital contact, does it require touching the *vaginal* area? Does touching of the breast-area constitute manual-genital contact?" the jury expressed doubt or confusion on a point of law not adequately covered in the jury instructions and pertinent to this case, thereby revealing a defect, ambiguity, or gap in the instructions. Thus, the district court had the duty to give additional instructions on the law reasonably necessary to alleviate the jury's doubt or confusion. In *State v. Kavajecz*, 139 Idaho 482, 487, 80 P.3d 1083, 1088 (2003), the Idaho Supreme Court held that the act of touching of a minor's chest area does not fall within those acts specifically enumerated in I.C. § 18-1508 and a defendant cannot be convicted under the

4

statute for such contact. Therefore, *as a matter of law*, touching a child's breast area does not amount to manual-genital contact. By answering the jury's question regarding whether touching of the breast area constitutes manual-genital contact with the instruction to "re-read all the instructions" and by not informing the jury of the Court's holding in *Kavajecz*, the district court erred.

However, error is harmless and not reversible if the reviewing court is convinced beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010). Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

Crawford argues that it is impossible to discern whether the jury reached its verdict with respect to Count I and Count II on a valid theory of law because the jury heard testimony from both Victim I and Victim II that Crawford had touched their breast area. Therefore, Crawford asserts that, pursuant to *State v. Townsend*, 124 Idaho 881, 888, 865 P.2d 972, 979 (1993), his judgment of conviction and sentences must be vacated and his case remanded for a new trial.

In *Townsend*, the jury was instructed that it could convict Townsend of aggravated battery if it found that Townsend's use of either his vehicle or his hands during the battery constituted use of a deadly weapon as proscribed by the statute. However, the instruction that the jury could find Townsend guilty of aggravated battery by considering his hands deadly weapons was legally incorrect because hands do not constitute deadly weapons under the statute. *Id.* at 887, 865 P.2d at 978. The jury verdict did not specify whether the jury found that the aggravated battery was committed with Townsend's vehicle, his hands, or both. Thus, the Court was unable to discern whether the jury based its verdict on a valid or an invalid legal theory. The Court determined that the appropriate disposition, in view of the holding that one of the theories of criminal liability given to the jury (use of the vehicle as a deadly weapon) was legally valid and the other theory by which the jury was instructed it could find Townsend guilty of aggravated battery (use of his hands as deadly weapons) was legally invalid, was to vacate the conviction and sentence and remand the case for a new trial. *Id.* at 888, 865 P.2d at 979.

The state argues that, even if the district court erred by not instructing the jury that touching of a minor's chest area does not fall within those acts specifically enumerated in I.C. § 18-1508 in response to the jury question, such error was harmless regarding Count II because

5

that count did not involve any testimony or allegation that Crawford touched Victim II's breasts. We agree. As noted above, during closing argument, the state argued what conduct Crawford allegedly committed that constituted the offense of lewd conduct charged in Count II. Specifically, the state informed the jury that Count II involved the episode where Crawford allegedly asked Victim II "if she knew what her clit was and he put her fingers up." Defense counsel, during closing argument, referred to Count II as involving the same incident. Additionally, during deliberations, the jury asked the district court to *confirm* that the alleged conduct related to Count II was Victim II "being asked about 'clit'." Thus, we are convinced beyond a reasonable doubt that, with respect to Count II, the jury did not consider Victim II's testimony regarding Crawford's touching of her breast area at other times and reached its verdict on a valid legal theory. Therefore, even though the district court erred by not instructing the jury that touching of a minor's chest area does not fall within those acts specifically enumerated in I.C. § 18-1508 in response to the jury question, such error was harmless regarding Count II.

However, with respect to Count I, the episode in which the state alleged Crawford committed lewd conduct included his touching of both Victim I's breast and vaginal areas. Specifically, the state alleged that Count I involved Victim I "on the sofa for rubbing her tummy, going up to her breasts and down into her vagina." Further, the jury asked the district court to confirm that the alleged conduct related to Count I was Victim I "on couch incident." Instruction provided to the jury must not permit the defendant to be convicted of conduct that does not constitute the type of crime charged. *State v. Folk*, 151 Idaho 327, 342, 256 P.3d 735, 750 (2011). Because of the district court's lack of instruction to the jury that touching of a minor's chest area did not fall within those acts specifically enumerated in I.C. § 18-1508 in response to the jury question, the jury could have found Crawford guilty of lewd conduct on Count I based on an invalid legal theory--that Crawford committed manual-genital contact with Victim II by touching her breast area. Because it is impossible to discern what theory the jury based its verdict on, we are not convinced beyond a reasonable doubt that the district court's error did not contribute to the jury's verdict with respect to Count I. Thus, the error was not was harmless. As in *Townsend*, the appropriate disposition is to vacate Crawford's conviction and sentence with respect to Count I and remand the case for a new trial.

6

**B.     Excessive Sentences**

Crawford also argues that the sentences imposed by the district court are excessive. Because we vacate Crawford's judgment of conviction and sentence with respect to Count I, we need only address Crawford's claim with respect to Count II.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At the sentencing hearing in this case, the district court noted that it wanted to make sure Crawford's sentence fulfilled the objectives of protecting the community and the victims. The district court also noted that it did not believe Crawford was amenable to rehabilitation in the short term. The district court detailed six disciplinary actions taken against Crawford while he was incarcerated on an unrelated matter. The district court further commented that it was surprised that, having been in the military, Crawford had difficulty following the rules. The district court determined that Crawford's inability to follow rules did not make him a good candidate for being out in the community. In addition, the district court noted the findings in the psychosexual evaluation that Crawford was a moderate risk to reoffend and tended to manage emotions through repression and denial, which seemed to influence his engaging in inappropriate sexual behavior. The district court also noted the findings in the psychosexual evaluation that Crawford was not amenable to sex offender treatment due to his lack of acknowledgement of

7

inappropriate sexual behavior. The district court determined that, because Crawford was not amenable to treatment, he needed to be incarcerated for a significant period of time. In light of the foregoing, the district court imposed a unified term of twenty five years, with a minimum period of confinement of six years, for Count II.

After an independent review of the record and having regard for the nature of the offense, the character of the offender and the protection of the public interest, we conclude that the sentence imposed by the district court with respect to Count II was reasonable upon the facts of this case. Thus, the district court did not abuse its discretion by sentencing Crawford to a unified term of twenty-five years, with a minimum period of confinement of six years, for Count II.

## III.
## CONCLUSION

The district court erred by answering the jury's question regarding whether touching of the breast area constitutes manual-genital contact pursuant to I.C. § 18-1508 with the instruction to "re-read all the instructions" and by not instructing the jury that the act of touching a minor's chest area does not fall within those acts specifically enumerated in the statute. While such error was harmless with respect to Count II, the error was not harmless with respect to Count I. The district court did not abuse its discretion by imposing Crawford's sentence for Count II. Accordingly, we affirm Crawford's judgment of conviction and sentence with respect to Count II, but we vacate Crawford's judgment of conviction and sentence with respect to Count I and remand for a new trial.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**