13 P.3d 1256

STATE of Idaho, Plaintiff–Respondent,

v.

Lance Ray CROWE, Defendant–Appellant.

No. 25419.

Court of Appeals of Idaho.

Nov. 9, 2000.

44

Bonner County Public Defender; Brent C. Featherston, Deputy Public Defender, Sandpoint, for appellant. Brent C. Featherston argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal from a judgment of conviction for aggravated assault. We conclude that the defendant is entitled to a new trial because the jury was incorrectly instructed regarding the *mens rea* element of the offense.

## FACTS AND PROCEDURAL HISTORY

Lance Ray Crowe was charged with aggravated assault under Idaho Code §§ 18–901(b) and –905(a), (b) for allegedly threatening to shoot his wife, Lorraine Crowe, with a rifle. The charge against Crowe was based upon an incident alleged to have occurred on the morning of April 26, 1998. According to the trial evidence, Crowe and Lorraine had an argument at their home on the evening of April 25, 1998 in which Crowe became increasingly belligerent and fired shots into the

air with a rifle. Crowe then left the residence and spent the night at his son's house. The next morning, Crowe returned home. The trial testimony diverges as to what happened at this point. According to Lorraine, Crowe struck her in the back of the head with the butt of a rifle, pointed the rifle at her, threatened to "blow her away," and chased her around her home as she attempted to reach a telephone to call the police. This testimony was contradicted by Crowe's son who testified that he accompanied his father into the home on the morning of April 26 and was present during the entire period in which Crowe was in the residence that morning. According to Crowe's son, the alleged attack and threats never happened, and he observed no assaultive behavior by his father that morning. Lorraine, on the other hand, testified that their son arrived after the assault had occurred. The jury returned a guilty verdict, and Crowe was sentenced to a term of incarceration.

On appeal from the judgment of conviction, Crowe contends that an error in the jury instructions and an error in the exclusion of impeachment evidence require that the judgment of conviction be vacated and that Crowe be granted a new trial.

## ANALYSIS

### A. Jury Instruction

Because we find the jury instruction issue to be dispositive of the appeal, we address it first.

Over Crowe's objection, the district court gave the following instruction (Instruction No. 20) to the jury:

> If you find in this case the defendant acted or failed to act under circumstances establishing criminal negligence, the law will impute or attribute to the defendant a willful intention even though he may not in fact have entertained such intention.
>
> . . . .
>
> You are further instructed that the criminal negligence which will make an act a crime is gross negligence, or such negligence as amounts to a wanton, flagrant or reckless disregard of consequences, or a willful indifference to the safety or rights of others.

Crowe contends that the instruction was improper because criminal intent is an element of aggravated assault and that element cannot be established by proof of mere criminal negligence.

The question whether the jury was properly instructed is one of law over which this Court exercises free review. *State v. Buckley,* 131 Idaho 179, 182, 953 P.2d 619, 622 (Ct.App.1997), *aff'd,* 131 Idaho 164, 953 P.2d 604 (1998). On appeal, jury instructions are viewed as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski,* 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). To be reversible error, an instruction must mislead the jury or prejudice the defendant. *State v. Hanson,* 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App.1997).

With respect to the mental element of criminal offenses, I.C. § 18–114 provides that "in every crime or public offense there must be a union, or joint operation, of act and intent, or criminal negligence." This does not mean, of course, that either intent or criminal negligence is sufficient for the commission of any crime. Rather, the mental state that is required for the commission of a particular offense is determined by the language of the statute defining that offense. *See, e.g., State v. Nastoff,* 124 Idaho 667, 862 P.2d 1089 (Ct.App.1993); *State v. Stiffler,* 114 Idaho 935, 937, 763 P.2d 308, 310 (Ct.App. 1988). For the offense with which Crowe was charged, aggravated assault, the operative definition is found in I.C. § 18–901, which describes assault as:

> (a) an unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another; or
>
> (b) an *intentional,* unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent. (Emphasis added.)

Crowe was charged under subsection (b) of this statute. This subsection does not proscribe conduct that is merely negli-

gent. Rather, the offense, by statutory definition, requires an "intentional" threat by word or act.[1] With respect to the "threat" type of assault proscribed by I.C. § 18–901(b), this Court has held that the offense requires "an actual intention to cause apprehension, unless there exists the morally worse intention to cause bodily harm." *State v. McDougall*, 113 Idaho 900, 903, 749 P.2d 1025, 1028 (Ct.App.1988). Hence, it was the State's burden to prove beyond a reasonable doubt that Crowe intended to make a threat and intended to cause apprehension in the victim or to cause bodily harm to the victim.

The State has not referred us to any authority for the legal proposition stated in Instruction 20 that intent may be imputed from facts establishing criminal negligence. We surmise, however, that the instruction was derived from a 1939 decision of the Idaho Supreme Court, *State v. Patterson*, 60 Idaho 67, 88 P.2d 493 (1939). In that case, Patterson was convicted of assault with a deadly weapon after having shot at an occupied house at nighttime when the defendant could not see the structure. As a result of Patterson's act, a woman standing in the doorway of the house was hit in the eye. The statute under which Patterson was convicted defined assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." The charging information alleged that Patterson had committed aggravated assault by "carelessly, negligently and wantonly and recklessly, firing said 12 gauge pump shot gun, at and toward the house...." *Id.* at 71, 88 P.2d at 494. On appeal, Patterson argued that assault could not be committed accidentally or negligently and that an indispensable element of the crime is intent to commit a violent injury on the victim. The Idaho Supreme Court rejected that argument and adopted the view that:

> Where ... the injury is the result of reckless, wanton and willful conduct, show-

ing an utter disregard for the safety of others, the law imputes to the wrongdoer a willful and malicious intention even though he may not in fact have entertained such intention.

*Id.* at 73, 88 P.2d at 495 (quoting *Brimhall v. State*, 31 Ariz. 522, 255 P. 165, 166 (1927)).

Although at first glance *Patterson* seems to support the instruction given in Crowe's trial, on closer examination it is distinguishable. In *Patterson*, the charged assault was the "attempt" form of assault that is currently defined in I.C. § 18–901(a) rather than the "threat" type that is described in I.C. § 18–901(b) and with which Crowe was charged. In *McDougall*, this Court recognized that these two forms of assault differ in their *mens rea* element, with the "threat" form requiring "an actual intention to cause apprehension, unless there exists the morally worse intention to cause bodily harm" *Id.* at 903, 749 P.2d at 1028. Hence, we conclude that the ruling in *Patterson* is inapplicable to the form of assault described in I.C. § 18–901(b).

Moreover, this Court doubts the continuing viability of the *Patterson* rule in light of more recent Idaho Supreme Court decisions indicating that guilt of "attempt" crimes requires intent to commit the "attempted" offense. *See Buckley*, 131 Idaho 164, 953 P.2d 604 (1998) (holding that intent to kill is a requisite element of attempted second degree murder); *State v. Pratt*, 125 Idaho 546, 558, 873 P.2d 800, 812 (1993) ("[T]here is ... the crime of attempt to commit a crime, in which case the state bears the burden of proving that the defendant *intended* to commit the crime."). Clarification by our Supreme Court of the status of the *Patterson* decision would be beneficial. However, regardless of whether the *Patterson* rule remains effective with respect to assaults charged under I.C. § 18–901(a),[2] it is our

1. Consistent with the statute, the information alleged that Crowe "did unlawfully, *intentionally* and with apparent ability threaten by word or act to do violence upon the person of Lorraine Crowe ... which created a well-founded fear in said victim that such violence was eminent" (emphasis added). The assault was alleged to be aggravated, and thus a felony, under I.C. § 18–

905(a) and (b), because it was committed with use of a deadly weapon and by means of force likely to produce great bodily harm.

2. This Court adhered to the *Patterson* rule with reference to an assault under I.C. § 18–901(a) in *State v. Bonaparte*, 114 Idaho 577, 580, 759 P.2d 83, 86 (Ct.App.1988).

view that it is inapplicable to assaults charged under subsection (b).

■ In Crowe's case, the statement in Instruction 20 that upon a showing of criminal negligence, "the law will impute or attribute to the defendant a willful intention even though he may not in fact have entertained such intention" diminished the State's burden on the mental element of assault under I.C. § 18–901(b) and in effect modified the *mens rea* element from intent to negligence. Although a jury may infer intent from the defendant's conduct, *State v. Warden,* 100 Idaho 21, 24, 592 P.2d 836, 839 (1979); *State v. Herrera–Brito,* 131 Idaho 383, 386, 957 P.2d 1099, 1102 (Ct.App.1998), or from circumstantial evidence, *State v. Oldham,* 92 Idaho 124, 132, 438 P.2d 275, 283 (1968); *State v. Williams,* 103 Idaho 635, 639, 651 P.2d 569, 573 (Ct.App.1982), *overruled on other grounds by State v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983), Instruction 20 went beyond an explanation of permissive inferences. In substance, it created a presumption of intent upon a showing of negligence. Indeed, rather than informing jurors that they could infer intent from certain evidence, it erroneously told the jury that the defendant could be found guilty even though he did not, in fact, entertain the intention that I.C. § 18–901(b) requires.[3]

■ The requirement that the State prove every element of a crime beyond a reasonable doubt is grounded in the constitutional guarantee of due process. *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571–72 (1979); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *McDougall,* 113 Idaho at 902, 749 P.2d at 1027. A jury instruction that lightens the prosecution's burden of proof by omitting an element of the crime, creating a conclusive presumption as to an element, or shifting to the defendant the burden of persuasion on an essential element, is impermissible. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Morissette v. United States,* 342 U.S.

246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Buckley,* 131 Idaho 164, 953 P.2d 604 (1998); *Williams, supra.* Thus, the challenged instruction given to the jury in Crowe's case was erroneous.

■ The State argues that even if Instruction 20 was incorrect, its use was harmless error which did not prejudice Crowe. For this proposition, the State relies upon *Pratt, supra,* where a majority of the Idaho Supreme Court held that the trial court did not commit reversible error by including a criminal negligence instruction in a trial involving numerous crimes of intent. *Pratt,* 125 Idaho at 559–60, 873 P.2d at 813–14. We find *Pratt* inapposite, however, because the instruction at issue there was not like that in the case at bar. The *Pratt* instruction merely stated the provision of I.C. § 18–114, that "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence" and defined criminal negligence. *Id.* at 574, 873 P.2d at 828 (Bistline, J., concurring and dissenting). The Supreme Court majority apparently viewed the instruction as mere surplusage and held that its inclusion did not require reversal because the instruction did not misstate the law. *Id.* at 559, 873 P.2d at 813.[4] By contrast, Instruction 20 in the case before us *did* misstate the law. *Pratt* does not stand for the proposition that it is harmless error to instruct a jury that the State's burden to prove intent can be met with a showing of criminal negligence. Because Instruction 20 misstated the mental element of the offense and improperly allowed the jury to find Crowe guilty without proof of intent, the conviction must be vacated.

### B. Exclusion of Evidence

■ For guidance on remand in the event that Crowe is retried, we comment briefly on an evidentiary issue that he has raised. Crowe contends that the district court erred in excluding evidence, offered by Crowe to attack Lorraine's credibility, re-

---

**3.** As an instruction that, in effect, suggests that the jury apply a presumption, the instruction may also run afoul of Idaho Rule of Evidence 303(b), which specifies that a trial court shall not direct a jury to find a presumed fact against an accused.

**4.** Two justices dissented, expressing the view that the instruction could have misled the jury into believing that it could use criminal negligence to substitute for specific intent. *Id.* at 574, 873 P.2d at 828, Bistline, J., concurring and dissenting and Johnson, J., concurring and dissenting.

**48**

garding Lorraine's mental health, medication she was taking for a mood disorder, and alleged instances of her irrational behavior which included threats against other members of her family. The district court determined that the evidence had little, if any, relevance to Lorraine's truthfulness or untruthfulness and that any marginal relevance it might have was outweighed by the potential of unfair prejudice and jury confusion.

 Idaho Rule of Evidence 403 authorizes the exclusion of otherwise relevant evidence if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The balancing function required by this rule is committed to the discretion of the trial court, and that court's assessment will not be disturbed on appeal absent an abuse of discretion. *State v. Porter*, 130 Idaho 772, 784, 948 P.2d 127, 139 (1997); *State v. Kay*, 129 Idaho 507, 516, 927 P.2d 897, 906 (Ct.App.1996). Having examined the offer of proof presented by Crowe, we agree with the district court that this evidence was not indicative that Lorraine lacked the ability to correctly perceive events or lacked credibility, and therefore it had little or no relevance. We also find no abuse of discretion in the district court's discretionary determination under I.R.E. 403 that any marginal probative value was substantially outweighed by the danger of confusion of the issues for the jury.

■ Crowe's assertion that the prohibition against his cross-examining Lorraine on these issues was a violation of his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution also lacks merit. It is well established that this constitutional guarantee of the right to confront and cross-examine adverse witnesses is not absolute, and that a trial court may limit cross-examination that is "harassing, confusing, repetitive, or only marginally relevant." *State v. Araiza*, 124 Idaho 82, 91, 856 P.2d 872, 881 (1993). *See also Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674, 683 (1986).

## CONCLUSION

Because an instruction given to the jury materially misstated the law and impermissibly diminished the State's burden of proof on the intent element of the charged offense, the jury's verdict cannot stand. The judgment of conviction is therefore vacated, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge PERRY and Judge Pro SCHILLING concur.

