55 P.3d 881

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis K. DUDLEY, Defendant–Appellant.**

No. 27509.

Court of Appeals of Idaho.

Sept. 12, 2002.

1. In so holding, the Supreme Court overruled its contrary decision in *State v. Morris*, 97 Idaho 273, 543 P.2d 498 (1975).

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Dennis K. Dudley appeals from his judgment of conviction for aggravated assault. At trial, Dudley requested that the jury be instructed that the state must prove beyond a reasonable doubt that he intended to cause apprehension in the victim. The proposed instruction was rejected. Dudley argues that the district court erred in rejecting his proposed jury instruction and in denying his motion for judgment of acquittal. We affirm.

## I.

## BACKGROUND

Cargo Express hired Dudley to work as a truck driver. Due to his driving safety record with the company, Cargo Express decided to terminate Dudley's employment. Bruce Peterson, the safety and personnel manager, telephoned Dudley requesting a meeting and, upon Dudley's insistence, informed Dudley during the conversation that he was being fired. Dudley responded with some unpleasantries and abruptly ended the call.

That same morning, Dudley went to Cargo Express. Dudley entered Peterson's office with a box cutter knife in hand, and tossed the company keys and fuel card on the desk. Dudley appeared to be extremely upset and angry and cursed at Peterson. He accused Peterson of colluding with others to get him fired. At one point, Dudley used the box knife to cut his left wrist and made statements that he wanted to kill himself. He stated that the police would have to kill him there. While repeatedly making accusations of lying and collusion against Peterson, Dudley drew his hunting knife. Peterson feared Dudley would attack him with the knives. Eventually, Peterson persuaded Dudley to step outside. Dudley continued to display his anger in front of other employees and, at one point, threatened to slice his own throat.

As a result of this incident, Dudley was charged with two counts of aggravated assault involving separate victims, I.C. §§ 18–901(b), 18–905. The jury found Dudley guilty of aggravated assault as to Peterson and guilty of the lesser-included offense of exhibiting or using a deadly weapon as to the second victim. The district court sentenced Dudley on the aggravated assault count to five years with two years determinate, suspended the sentence and placed him on probation.

On appeal from the judgment of conviction for the aggravated assault, Dudley contends that error in denying his requested instruction and his motion for judgment of acquittal requires the judgment of conviction to be vacated and a new trial granted.

## II.

## DISCUSSION

The district court gave the jury the following instruction for aggravated assault, which is based on I.C. § 18–901(b):[1]

In order for the defendant to be guilty of aggravated assault as charged in count one, the State must prove each of the following: (1) On or about the 27th day of November 2000; (2) in the State of Idaho; (3) the defendant, Dennis Dudley; (4) made an intentional and unlawful threat by word or act; (5) to do violence to the person of another; (6) with a deadly weapon or instrument; (7) and had the apparent ability to do so; and (8) that that threat created a well-founded fear in Bruce Peterson that such a violence was imminent.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

Dudley requested the district court give an additional instruction, which read as follows:

In the Assault jury instruction, the element "intentionally" is used. In order for the defendant to be found guilty of Assault, the state must prove that the defendant intended to cause apprehension in the victims or cause bodily harm to the victims.

If the state does not prove the defendant intended to cause apprehension or bodily harm to the victims, then you must find the victim [sic] not guilty. If the state has not proven this element beyond a reasonable doubt, you must find the defendant not guilty. If the state proves this element BARD [beyond a reasonable doubt], you must find the defendant guilty.

Dudley argues that denial of his proposed instruction runs contrary to *State v. Crowe*, 135 Idaho 43, 13 P.3d 1256 (Ct.App.2000). Dudley asserts that *Crowe* requires that the

state prove he intended to cause apprehension in the victims or to cause bodily harm to the victims to prove assault under I.C. § 18–901(b) in addition to an intent to make a threat. Thus, Dudley argues a specific intent instruction on intent to cause apprehension is required under *State v. Luke*, 134 Idaho 294, 1 P.3d 795 (2000).

■ Whether the district court properly instructed the jury is a question of law over which this Court exercises free review. *State v. Bush*, 131 Idaho 22, 32, 951 P.2d 1249, 1259 (1997); *State v. Buckley*, 131 Idaho 179, 182, 953 P.2d 619, 622 (Ct.App.1997), *aff'd by* 131 Idaho 164, 953 P.2d 604 (1998). On appeal, we view jury instructions as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998); *State v. Rozajewski*, 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). The court is required to provide instructions on all matters of law necessary for the jury's information. I.C. § 19–2132(a); *State v. Patterson*, 126 Idaho 227, 230, 880 P.2d 257, 260 (Ct.App.1994). However, the court should not use an instruction that misleads the jury or misstates the law, as it is reversible error. *See State v. Humpherys*, 134 Idaho 657, 659, 8 P.3d 652, 654 (2000); *State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1997); *State v. Hanson*, 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App.1997).

Dudley misinterprets *Crowe* as establishing a separate element of intent to cause apprehension in the victim. *Crowe* also involved a charge of aggravated assault under I.C. § 18–901(b). Crowe's wife testified he struck her with the butt of a rifle, pointed the rifle at her and threatened to "blow her away." The district court gave a jury instruction that modified the mental element from intent to negligence, thereby creating a presumption of intent by the mere showing of negligence. This Court held that such an instruction impermissibly lightened the pros-

---

1. I.C. § 18–901(b) states:
   [An assault is:] "An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

ecution's burden of proof. *Crowe*, 135 Idaho at 47, 13 P.3d at 1260. In explanation and in response to the state's argument that establishing criminal negligence was sufficient, we noted the difference in *mens rea* required by assaults in I.C. § 18–901(a) as opposed to I.C. § 901(b) which requires an intent to make a threat and the creation of apprehension in the victim. The emphasis being that an intent to cause apprehension in the victim follows the actual intent to make a threat by word or act and does not arise simply by the commission of a negligent act. Dudley confuses this intent to make a threat under I.C. § 18–901(b) with its separate element of the apprehension induced in the victim, which focuses on the actual effect of the perpetrator's conduct upon the perception and emotion of the victim. *State v. Cudd*, 137 Idaho 625, 51 P.3d 439 (Ct.App. 2002). Crowe does not stand for the proposition that the state must prove separately the specific intent to cause apprehension in the victim.

To add Dudley's requested instruction would be to misstate the elements of I.C. § 18–901(b) by requiring that the state additionally prove an intent to cause apprehension in the victim. Idaho Code § 18–901(b) requires only that the state prove an intent to make a threat. In this case, the district court so instructed the jury, using language that parallels I.C. § 18–901(b). We conclude that it was not error for the district court to reject Dudley's proposed instruction on the mental element of aggravated assault under I.C. § 18–901(b) because the intent element was properly covered in the court's instruction to the jury.

Having concluded that I.C. § 18–901(b) does not require the state to prove an intent to cause apprehension, we need not address Dudley's argument that the state failed to prove he intentionally caused apprehension in the victim and, therefore, the district court erred in denying his Rule 29 motion for judgment of acquittal.

### III.

### CONCLUSION

We conclude that the district court did not err in denying Dudley's Rule 29 motion for judgment of acquittal and in rejecting Dudley's proposed jury instruction setting forth a separate mental element instruction requiring intent to cause apprehension because I.C. § 18–901(b) only requires the state to prove Dudley's intent to threaten by word or act. Accordingly, the district court's judgment of conviction for aggravated assault is affirmed.

Chief Judge PERRY and Judge LANSING concur.