79 P.3d 729

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Shatana S. POLE, Defendant–Respondent.**

No. 27586.

Court of Appeals of Idaho.

April 25, 2003.

Rehearing Denied July 3, 2003.

Review Denied Nov. 20, 2003.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

James E. Siebe, Moscow, for respondent.

PERRY, Judge.

The State of Idaho appeals from the district court's order granting Shatana S. Pole's motion to dismiss criminal charges of aggravated assault and aggravated battery. We affirm in part and reverse in part.

## I.

### FACTS AND PROCEDURE

During the early morning hours of July 8, 2000, police in Post Falls received a report of a possible shooting. Officers were dispatched to an apartment where they were led to a woman lying in bed bleeding from a gunshot wound. The victim indicated that she could not feel her legs and was transported to the hospital for emergency surgery.

Upon investigation, officers discovered a bullet hole in the bedroom wall. The bullet had been fired from an adjoining apartment and struck the victim as she lay in bed. Without success, officers attempted to contact the residents of the adjoining apartment.

A search warrant was issued. Eventually, three male individuals living at the apartment were detained for questioning. Pole, one of the individuals detained, confessed to the shooting. Further investigation revealed that, prior to the shooting, Pole and his roommates had been drinking alcoholic beverages late into the evening and into the early morning hours. According to evidence introduced by the state at Pole's preliminary hearing, after returning home, Pole displayed his .357 caliber handgun, pointed it at his two roommates, and suggested that they play Russian roulette. After his invitation was rejected, Pole turned away from his roommates and fired a round through the apartment wall. The bullet passed into the adjoining apartment bedroom and paralyzed the victim from the waist down. Pole was subsequently charged with aggravated assault, I.C. §§ 18–901(b), 18–905; unlawful discharge of a firearm at a dwelling house, I.C. §§ 18–3317; and aggravated battery, I.C. §§ 18–903(a)–(c), 18–907.

A preliminary hearing was conducted in which Pole's two roommates, police investigators, and the victim's fiance testified as to the events leading to the shooting. During questioning by the state, the roommates testified to a lack of memory regarding certain details of the shooting. Their testimony contradicted prior written statements given to the police within a few days after the shooting. The magistrate noted the obvious bias, finding that the roommates remembered details when it was beneficial to the defense, but had a lack of memory when asked questions for which the answers would benefit the state. The magistrate ultimately found probable cause to believe that the crimes charged were committed.

Upon the magistrate's finding of probable cause, Pole was held to answer the charges before the district court. Thereafter, Pole filed a motion to dismiss, arguing that the evidence presented at the preliminary hearing was insufficient to support a finding of probable cause to believe that the charged offenses had been committed. The district court granted Pole's motion to dismiss with respect to the charges for aggravated assault and aggravated battery. The state subse-

quently dismissed the charge for unlawful discharge of a firearm at a dwelling house. The state appealed the district court's dismissal order, arguing that the evidence produced at the preliminary hearing was sufficient to support the magistrate's finding of probable cause.

## II.

### ANALYSIS

Idaho law provides that a criminal defendant, charged by complaint with a felony, shall be entitled to a preliminary hearing in which the magistrate shall determine whether a public offense has been committed and, if so, whether probable cause exists to believe that the defendant committed it. *See* I.C. § 19–804; I.C.R. 5.1; *State v. Holcomb*, 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct. App.1995). Based on the magistrate's determination, the defendant will either be held to answer to the public offense in the district court or will be discharged and the complaint dismissed. *See* I.C. §§ 19–814, 19–815; I.C.R. 5.1. Idaho Code Section 19–815A provides that once a defendant has been held to answer to a criminal charge, the defendant may challenge the sufficiency of the evidence presented at the preliminary hearing by filing with the district court a motion to dismiss. If the district court finds that no public offense was committed or that the defendant was held to answer without probable cause, it must dismiss the complaint and order the defendant discharged. I.C. § 19–815A.

A magistrate's finding of probable cause that a defendant has committed a public offense should be overturned only upon a showing that the magistrate abused its discretion. *State v. Gibson*, 106 Idaho 54, 57, 675 P.2d 33, 36 (1983); *State v. Phelps*, 131 Idaho 249, 251, 953 P.2d 999, 1001 (Ct.App. 1998). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the

specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

 The legal standard applicable to a finding of probable cause at a preliminary hearing does not require the state to prove the defendant guilty beyond a reasonable doubt. *Phelps*, 131 Idaho at 251, 953 P.2d at 1001. Rather, the state need only show that a crime was committed and that there is probable cause to believe the accused committed it. *Id.* A finding of probable cause must be based upon substantial evidence as to every material element of the offense charged. I.C.R. 5.1(b). This requirement may be satisfied through circumstantial evidence and reasonable inferences to be drawn from that evidence by the committing magistrate. *State v. Munhall*, 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct.App.1990). A reviewing court will not substitute its judgment for that of the magistrate as to the weight of the evidence. *Id.* Stated another way, a magistrate's finding of probable cause at a preliminary hearing will not be disturbed if, under any reasonable view of the evidence including permissible inferences, it appears likely that an offense occurred and that the accused committed it. *Holcomb*, 128 Idaho at 299, 912 P.2d at 667.

### A. Aggravated Assault

Pole was charged with aggravated assault based upon his actions of pointing his handgun at one of his two roommates. At the preliminary hearing, the state was required to provide sufficient evidence to establish the following elements of aggravated assault: (1) an intentional, unlawful threat by word or act to do violence to the person of another; (2) with a deadly weapon or instrument; (3) coupled with an apparent ability to do so; and (4) doing some act which creates a well-founded fear in such other person that such violence is imminent. *See* I.C. §§ 18–901(b), 18–905(a).

Neither party disputes that the gun Pole was handling at the time of the shooting was a deadly weapon and that Pole had the apparent ability to do violence to his roommate. The main disputes at the preliminary hear-

ing, and now on appeal, were whether Pole intentionally and unlawfully threatened to do violence to his roommate and whether his roommate actually possessed a well-founded fear that violence was imminent. From the evidence presented at the preliminary hearing, the state showed that Pole was intoxicated, that Pole handled the gun for several minutes, that the gun was pointed at the roommate, and that Pole's roommate was afraid, particularly that the gun might accidentally discharge. The magistrate therefore found probable cause to believe that Pole committed aggravated assault.

■ After reviewing the transcript of the preliminary hearing, this Court concludes that the magistrate's finding of probable cause was sufficiently supported by the evidence presented. As to the element of well-founded fear, Pole's roommate testified that he was not scared, but that he was concerned for his safety. When asked to distinguish between his use of the word "scared" versus the word "concerned," Pole's roommate testified that he used the two words interchangeably. Additionally, although not used as the basis of the magistrate's finding, the roommate's previous written statement was admitted and read into evidence, under the past recollection recorded hearsay exception, after the roommate professed no memory of the events surrounding the shooting.[1] In that statement, the roommate declared that he was scared he might get shot. A police officer testified that when he took the roommate's statement, the roommate became so emotional when describing his fear that tears welled up in his eyes.

The record also contains evidence to support the element that the roommate's fear was well founded. Based on testimony given at the preliminary hearing, including the roommate's prior written statement, Pole had been drinking alcohol during the evening and early morning hours and was intoxicated. Pole had been handling the gun while speaking with his two roommates. At some point, the roommate heard Pole talk about playing

Russian roulette. He observed that Pole loaded the handgun, pulled back the hammer, removed all but one bullet, spun the cylinder, and pointed it at each of the roommates. The roommate stated that during the display of the handgun and talk of Russian roulette, he tried to calm Pole down. This evidence supports a finding of probable cause to believe that the roommate's fear of being shot was well founded.

■ Whether the state provided sufficient evidence to show the requisite mental state is also disputed. The mental state that must be proven for aggravated assault under I.C. § 18–901(b) has previously been discussed by this Court in *State v. Crowe*, 135 Idaho 43, 13 P.3d 1256 (Ct.App.2000) and *State v. McDougall*, 113 Idaho 900, 749 P.2d 1025 (Ct.App.1988). In *McDougall*, the Court commented that the state must not only prove that the defendant intended to make a threat, but that the defendant also intended to cause apprehension in the victim. *McDougall*, 113 Idaho at 903, 749 P.2d at 1028. The comment was repeated in *Crowe*, 135 Idaho at 45–46, 13 P.3d at 1258–59. However, that statement has been disapproved. *See State v. Dudley*, 137 Idaho 888, 55 P.3d 881 (Ct.App.2002). In *Dudley*, the Court held that *Crowe* does not stand for the proposition that the state must prove separately the specific intent to cause apprehension in the victim. *Dudley*, 137 Idaho at 890–91, 55 P.3d at 883–84. Instead, aggravated assault under I.C. § 18–901(b) requires an intent to make a threat, by word or act, to do violence to another, but requires no actual intention to cause apprehension. *Id.*

■ Although the intent element required by I.C. § 18–901(b) may not be imputed from facts establishing criminal negligence, intent may be inferred from the defendant's conduct or from circumstantial evidence. *Crowe*, 135 Idaho at 47, 13 P.3d at 1260. In this case, Pole was intoxicated, talked of Russian roulette, showed the handgun to his

[1] On appeal, counsel for Pole argues that the roommate's statement was admitted and considered by the magistrate only for impeachment purposes. We disagree. The statement was admitted into evidence without limitation during

the roommate's testimony. This Court, therefore, is not restricted in its consideration of the statement simply because, at the close of the evidence, the magistrate chose to limit its view.

roommates, loaded the handgun, spun the cylinder, pulled back the revolver's hammer, removed all but one bullet, and pointed it at his roommate. The roommate's statement that he tried to calm Pole down, in addition to Pole's conduct and the circumstances, indicates that Pole's demeanor may have been threatening. In light of these facts, an inference that Pole intended to make a threat is reasonable. We conclude that substantial evidence supported the magistrate's finding of probable cause to believe Pole committed aggravated assault. Accordingly, with respect to the charge of aggravated assault, the district court's order granting Pole's motion to dismiss is reversed.

## B. Aggravated Battery

■ The state charged Pole with aggravated battery based upon his act of firing the handgun through the apartment wall and causing injury to the victim in the adjoining apartment. As charged in this case, aggravated battery consists of a willful and unlawful use of force or violence upon the person of another, which causes great bodily harm, permanent disability or permanent disfigurement or is accomplished with a deadly weapon. *See* I.C. §§ 18–903(a), 18–907. The dispute as to this charge centers on whether Pole's firing of the handgun was done with the willfulness to cause force or violence to another person.

The evidence presented at the preliminary hearing was sufficient to allow a finding that Pole willfully pulled the trigger. The evidence further showed that Pole was intoxicated while he repeatedly handled and waved the gun. The magistrate held that there was probable cause to believe the intent element was met through criminal negligence, which the magistrate determined amounted to wanton, flagrant, or reckless disregard of consequences or willful indifference for the safety and rights of others. The magistrate indicated that there was no evidence to suggest that the firing of the handgun was accidental. Based on these facts, the magistrate found that probable cause existed to believe that Pole had committed aggravated battery.

The district court, in overturning the magistrate's finding of probable cause, held that

the battery statute required not only that the state show that the trigger was pulled purposefully, but that the state offer evidence to show that Pole's purpose in pulling the trigger was that a person be the object of the handgun's force or violence. The district court noted that an individual cannot "blithely fire into a wall without regard to who's on the other side." However, the district court held that one cannot accidentally commit a crime and held that "there is no willful element when it's an accident." The district court's decision appears to have been based on what it perceived as a lack of evidence to show that the violence inflicted on the victim was purposeful rather than being merely accidental.

On appeal, the state argues that the evidence was sufficient to allow a finding that the handgun was fired willfully and not accidentally. At the preliminary hearing, the state provided the testimony of the officer who conducted the interviews and took the written statements from Pole's roommates. One of Pole's roommates gave the officer differing accounts of how Pole was holding the handgun when it was fired. However, the officer testified that during one interview, the roommate showed the officer, more than once, that Pole gripped the gun with his right hand, supported his right hand by putting his left hand underneath the right, and with his arms held straight and the gun held waist high, pointed the weapon at the wall. From these facts, the evidence showed that the trigger was pulled willfully.

Although the magistrate noted that the handgun was fired willfully, it indicated that the evidence was insufficient to show that Pole fired the weapon with the purpose of inflicting force or violence upon the victim. Instead, the magistrate held that the element of willful use of force upon another could be met through criminal negligence—that Pole intentionally pulled the trigger and that doing so amounted to wanton, flagrant, or reckless disregard of consequences, or willful indifference for the safety and rights of others. The district court, on the other hand, held that criminal negligence was insufficient to support this element of battery.

On appeal, the state argues that the intent or willingness to use force or violence upon the person of another is imputed by law where a defendant injures another through reckless, wanton, and willful conduct showing an utter disregard for the safety of others. In support of this argument, the state cites *State v. Patterson*, 60 Idaho 67, 88 P.2d 493 (1939), a case applying Idaho's then-existing assault statute, and a number of California cases.

We think it unnecessary and inappropriate, however, to rely on the case law cited by the state to determine the meaning of "willfully" because an Idaho statute supplies the definition of that term. Idaho Code Section 18–101(1) specifies that "willfully," when applied to the intent with which an act is done, does not require any intent to violate law or to injure another but does imply "a purpose or willingness to commit the act" referred to. This general definition applies unless otherwise apparent from the context of the statute defining an offense. I.C. § 18–101. The context of the statute defining battery suggests no apparent reason the above definition of willfully should not apply in this case. The act referred to in the definition of battery under I.C. § 18–903(a) is the "use of force or violence upon the person of another." Thus, proof of a violation of subsection (a) requires a showing that the accused purposely used force or violence upon a person. Although it is not necessary that the defendant know that the act is illegal or intend that it cause bodily injury, it is necessary that the defendant intend a forceful or violent contact with another person. *State v. Billings*, 137 Idaho 827, 830, 54 P.3d 470, 473 (Ct.App.2002).

In this case, the evidence presented at the preliminary hearing failed to show that Pole knew the adjacent apartment bedroom was occupied at the time and that Pole intended that someone bear the brunt of the force or violence caused by his firing of the handgun. The evidence showed that Pole willfully pulled the trigger. However, the evidence did not show that Pole knew the victim was on the other side of the wall at the time. We therefore conclude that the magistrate's finding of probable cause as to the charge of aggravated battery was in error. Accordingly, the district court's order granting Pole's motion to dismiss the aggravated battery is affirmed.

### III.

### CONCLUSION

We conclude that the evidence presented by the state at the preliminary hearing was sufficient to support the magistrate's finding of probable cause to believe Pole committed aggravated assault but not aggravated battery. Thus, the district court's order granting Pole's motion to dismiss the aggravated assault charge is reversed, and the district court's order granting Pole's motion to dismiss the aggravated battery charge is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, concur.