**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42994**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 26 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 31, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CARLOS ADRIAN CRUZ-ROMERO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for felony driving under the influence, <u>vacated</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Carlos Adrian Cruz-Romero appeals from his judgment of conviction for felony driving under the influence. Romero argues that the district court erred by granting the State's motion in limine to exclude evidence that the Intoxilyzer machine used to test his breath-alcohol content was not working properly. For the reasons set forth below, we vacate Cruz-Romero's judgment of conviction.

**I.**

**FACTUAL & PROCEDURAL BACKGROUND**

Police arrested Cruz-Romero on April 27, 2014, for driving under the influence. At the jail, police administered a breathalyzer test, which returned results of 0.097 and 0.096. The State charged Cruz-Romero with felony DUI, Idaho Code §§ 18-8004, 18-8005(6); possession of an

open container in a vehicle, I.C. § 23-505; driving without privileges, I.C. § 18-8001; and resisting and obstructing, I.C. § 18-705.

Prior to trial, the State filed a motion in limine asking the court to prevent Cruz-Romero from presenting evidence that the Intoxilyzer machine used on Cruz-Romero had tested out of tolerance[1] both before and after his breathalyzer test. At the evidentiary hearing, Deputy Sedlmayr, a breath-test specialist, testified about the specific Intoxilyzer machine used to take Cruz-Romero's sample. The court granted the State's motion to exclude evidence of the machine's malfunctioning, stating:

> [A]s far as the evidence of the malfunctioning of the Intox 5000, the evidence before the Court, at this time, demonstrates that between the certification of the machine on April 8th and the recertification on May 9th that it does appear, at least from the logs, that the machine was working properly at that time. There is no indication about a tolerance.
> Presumptively, the State's evidence will demonstrate the certification of the Intoxilizer [sic], the reliability of the test results. Absent expert testimony on the subject, the Court would find that any evidence of indications that the Intox 5000 was out of tolerance either before April 8th of 2014 or after May 9, 2014, is not of probative value. And certainly if the State does intend to call Ms. Cutler, then that certainly may change the analysis, but at this time, the Court does find that the test results before April 8th and after May 9th are not relevant and would not be admissible at trial.

Cruz-Romero subsequently entered a conditional plea to the felony driving under the influence charge, reserving the right to appeal the district court's in limine ruling; the State dismissed the remaining charges. The court sentenced Cruz-Romero to a unified ten-year sentence with three years determinate, but then suspended the sentence and placed him on probation. Cruz-Romero timely appeals.

## II.

## ANALYSIS

Cruz-Romero contends that the district court erred when it prevented admission of the Intoxilyzer results from before April 8 and after May 9, thus depriving him of his right to attack the reliability and accuracy of his test results. He specifically argues that evidence of the

---

[1] An Intoxilyzer 5000 will return an "out of tolerance" reading during a calibration check where "the results obtained for the performance verification check were outside the high and low limits set for the solution." *See* IDAHO STATE POLICE, INTOXILYZER 5000 QUICK REFERENCE MATERIALS (Dec. 2010).

machine's malfunctions, both prior to and after his breathalyzer test, is relevant and should have been admissible at trial to enable the jury to assess the reliability of the breathalyzer results.

The decision whether to admit evidence at trial is within the province of the trial court and will not be reversed absent a clear abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). However, the question of relevancy is not a discretionary matter, as there is no issue of credibility or finding of fact for the trial court to resolve prior to deciding to admit or reject evidence. Idaho Rule of Evidence 402; *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). A court's inquiry into whether evidence is relevant is limited to determining if the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). A relevancy determination is a matter of law which this Court reviews de novo. *Raudebaugh*, 124 Idaho at 764, 864 P.2d at 602; *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. I.R.E. 403; *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). A court must undertake a balancing determination before deciding to exclude evidence under I.R.E. 403. *See State v. Crowe*, 135 Idaho 43, 48, 13 P.3d 1256, 1261 (Ct. App. 2000). An I.R.E. 403 balancing determination by the district court is reviewed for an abuse of discretion. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

Here, the district court's decision to exclude evidence of the machine's malfunctioning rests on a combination of errors of law. First, the court erred when it found that the evidence was not relevant. Evidence of a particular Intoxilyzer machine's malfunctions is relevant for the purpose of impeaching the accuracy and reliability of test results. By legislative enactment, breathalyzer machines are deemed reliable for the limited foundational purpose of having test results admitted into evidence, as long as the State introduces evidence that the designated state agency approved the machine and an officer operated the machine in compliance with approved

standards. I.C. § 18-8004(4); *State v. Healy*, 151 Idaho 734, 737, 264 P.3d 75, 78 (Ct. App. 2011); *State v. Howell*, 122 Idaho 209, 212, 832 P.2d 1144, 1147 (Ct. App. 1992). Admissibility of test results does not equate to sufficiency of evidence to sustain a conviction. *State v. Pressnall*, 119 Idaho 207, 211, 804 P.2d 936, 940 (Ct. App. 1991). The prosecution still carries the burden of persuading the jury that the test results are accurate. *State v. Ward*, 135 Idaho 400, 404, 17 P.3d 901, 905 (Ct. App. 2001).

"A defendant charged with driving under the influence by proof of excessive alcohol content is entitled to offer any competent evidence tending to impeach the results of the evidentiary tests admitted against him." *Pressnall*, 119 Idaho at 209, 804 P.2d at 938. This Court has established that a defendant may challenge whether a breathalyzer accurately measured breath alcohol concentration, whether the particular device was working properly at the time of the breath test, and whether the breath test was properly administered. *See, e.g.*, *State v. Tomlinson*, 159 Idaho 112, 121, 357 P.3d 238, 247 (Ct. App. 2015); *State v. Hardesty*, 136 Idaho 707, 710, 39 P.3d 647, 650 (Ct. App. 2002); *Ward*, 135 Idaho at 404, 17 P.3d at 905. Evidence that a particular machine has a history of malfunctioning would be relevant to determining whether the particular device was working properly at the time the breath test was administered. *See Pressnall*, 119 Idaho at 211, 804 P.2d at 940.

Here, Cruz-Romero's breathalyzer test occurred on April 27. The calibration of the Intoxilyzer machine had tested within tolerance before his test on April 8 and again after his test on May 9. However, the machine had several inexplicable out of tolerance test results occurring both before and after the calibration checks: on April 5, May 15, and May 16. Then, on August 5, the machine tested out of tolerance for one of the test solutions.[2] The police department sent the test solution off to have it checked--the results of which came back normal. The police department then sent the entire machine to the forensic lab to have it examined. The forensic lab could find nothing wrong with the machine, but suggested that the machine's calibration issues could have been caused by a leaking hose, loose connection, or faulty solution jar. Deputy Sedlmayr testified that after he changed solution jars, the machine's calibration issues did not recur. He also testified that if an Intoxilyzer machine is out of tolerance at the time of a breathalyzer test, the machine will not allow the test to proceed. But, he could not answer

---

[2] The Intoxilyzer machine at issue is calibrated to a 0.08 test solution and a 0.20 test solution. Here, the issue with the machine was its calibration to the 0.20 test solution.

with certainty whether a machine testing within tolerance might still have issues. He opined that the particular machine used on Cruz-Romero was operating correctly on the day of Cruz-Romero's test because the machine had not given any out of tolerance results between the two successful calibration tests.

An acceptable calibration result, even one occurring on the day of the challenged test, does not establish that a machine is working correctly as a matter of law. *See In re Hubbard*, 152 Idaho 879, 883, 276 P.3d 751, 755 (Ct. App. 2012). Whether an Intoxilyzer machine was working properly at a particular date and time is a question of fact reserved for the trier of fact. Moreover, it is improper for a court to base a relevancy determination on its own findings of fact. The machine's history of malfunctioning, at any capacity, would have a tendency to show a probability that Cruz-Romero's test results may not have been accurate. The accuracy of his breathalyzer result is a fact material to his conviction, as the accuracy of the result is a fact that the State must establish beyond a reasonable doubt. Therefore, evidence of the machine's prior and subsequent malfunctioning is relevant.

Second, the court erred by conditioning its decision to exclude the proffered evidence on Cruz-Romero's lack of an expert witness. In its ruling, the court stated, "absent expert testimony . . . any evidence of indications that the Intox 5000 was out of tolerance either before April 8th of 2014 or after May 9, 2014, is not of probative value." An expert witness is not required for a defendant to challenge the reliability or validity of a breathalyzer test. *Ward*, 135 Idaho at 404, 17 P.3d at 905 (holding defendant may challenge breathalyzer test through cross-examination of State's witness testifying about the test *or* by using expert witness). Cruz-Romero could have challenged the reliability or validity of the test by cross-examining *any* State witness testifying about the breathalyzer test.

Third, the district court erred when it found that the evidence could be excluded because it had no probative value. Implicit in the court's finding is the conclusion that because the evidence had no probative value, it could be excluded pursuant to I.R.E. 403. Here, the court did not engage in balancing the probative value of the evidence against the danger of unfair prejudice, confusion of the issues, or misleading the jury. Instead, the court simply concluded that the evidence was "not of probative value." However, this finding conflicts with established case law. *See Pressnall*, 119 Idaho at 211, 804 P.2d at 940. Evidence that this machine had a history of inexplicably testing out of tolerance has probative value as to whether the machine

5

was working properly at the time of Cruz-Romero's test. The evidence should have been presented to the trier of fact, who would have been in the position to assess all of the evidence on the issue of whether the breathalyzer result established Cruz-Romero's guilt beyond a reasonable doubt. Moreover, because the court did not balance the probative value against the prejudicial effect, as is required under I.R.E. 403, the district court erred in excluding the evidence without undertaking such analysis. *See State v. Crowe*, 135 Idaho 43, 48, 13 P.3d 1256, 1261 (Ct. App. 2000).

## III.

## CONCLUSION

Evidence of the machine's malfunctioning was relevant to the accuracy and reliability of Cruz-Romero's breathalyzer results and because the district court did not engage in any balancing determination under I.R.E. 403, the district court erred when it excluded the relevant evidence. Therefore, we reverse the district court's order granting the State's motion in limine, vacate Cruz-Romero's judgment of conviction, and remand for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.