**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52024**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 27, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| KENNETH LEE MORGAN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for aggravated assault and being a persistent violator, <u>vacated</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Kenneth Lee Morgan appeals from his judgment of conviction for aggravated assault and being a persistent violator. We vacate Morgan's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Morgan with aggravated assault, I.C. § 18-905, and being a persistent violator, I.C. § 19-2514. The aggravated assault charge was based on an incident between Morgan and the alleged victim, Casey, during which Morgan produced a knife. The incident occurred at a home where Casey, Deborah (Morgan's wife), and another individual were eating dinner. When Morgan arrived at the residence and knocked on the door, Casey opened the wooden door but not the glass screen door. When Casey answered, Morgan was "irate" and asked Casey what he was

1

doing with Morgan's wife. Casey said he was not doing anything, after which Morgan "took a couple steps back"; "pulled out a knife"; and said, "I'm going to kill you." Morgan was three or four feet away and began doing a "jab thing." In response, Casey shut the door and went back inside. Morgan then "turned around and left." Casey did not call the police, but the other individual in the home called after Morgan left.

At trial, when asked if he was "frightened" by Morgan, Casey said he was "concerned" but not frightened. Casey explained that he "just never thought about being stabbed that day." The jury found Morgan guilty of aggravated assault and being a persistent violator. Morgan appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Morgan argues the evidence was insufficient to sustain the jury's verdict finding him guilty of aggravated assault because Casey, the alleged victim, "repeatedly denied he was frightened" by Morgan's conduct. Based on these denials, Morgan contends the State failed to prove, beyond a reasonable doubt, the well-founded fear element of aggravated assault. The State responds that "the victim in an assault case does not need to use the magic words of 'fear' or 'frightened' for a jury to infer that the acts of a defendant created a 'well-founded fear' of imminent harm." We

hold that there was insufficient evidence to support the jury's verdict finding Morgan guilty of aggravated assault.

To find a defendant guilty of aggravated assault, the State must prove, in relevant part, that the defendant committed an assault, which created a well-founded fear in the alleged victim that violence was imminent. I.C. § 18-905. As in all criminal cases, each element of a charged offense must be proven beyond a reasonable doubt. At issue in this case is whether the State met its burden of proving, beyond a reasonable doubt, that Casey had a well-founded fear of imminent harm as a result of Morgan's actions. On this element, Casey testified that he was not frightened by Morgan's behavior. Instead, Casey testified he was "surprised" and "concerned" but not frightened and, ultimately, responded to Morgan by closing the door, after which he left.

As noted, the State argues that Casey was not required to use "magic words" such as "fear" or "frightened" for the State to meet its burden on the well-founded fear element of aggravated assault. In support of its position, the State relies on our prior opinions in *State v. Pole*, 139 Idaho 370, 79 P.3d 729 (Ct. App. 2003) and *State v. Palmer*, ___ Idaho ___, 575 P.3d 53 (Ct. App. 2025). At issue in *Pole* was whether there was sufficient evidence presented at the preliminary hearing to find probable cause for an aggravated assault charge. We held that there was, reasoning:

> As to the element of well-founded fear, Pole's roommate [the alleged victim] testified that he was not scared, but that he was concerned for his safety. When asked to distinguish between his use of the word "scared" versus the word "concerned," Pole's roommate testified that he used the two words interchangeably.

*Pole*, 139 Idaho at 373, 79 P.3d at 732. In addition, we noted that the evidence presented at the preliminary hearing included the roommate's statement to law enforcement, made shortly after the aggravated assault, in which the roommate "declared that he was scared he might get shot" and that the officer noted "the roommate became so emotional when describing his fear that tears welled up in his eyes." *Id.*

The holding and reasoning in *Pole* do little to advance the position that the evidence was sufficient to prove Casey had a well-founded fear. Casey did not use "concern" interchangeably with "fear" or "frightened" and instead distinguished between the two and denied being frightened. Casey's reaction to Morgan, as Casey described it, is consistent with his own characterization of how he felt at the time of his interaction with Morgan--Casey closed the door. Moreover, we note

that *Pole* addressed whether there was sufficient evidence to establish probable cause--not the higher standard of proof beyond a reasonable doubt.

Although *Palmer* evaluated whether there was sufficient evidence at trial to prove aggravated assault beyond a reasonable doubt, the element at issue was not whether the victim had a well-founded fear. At issue in *Palmer* was whether the victim's fear was the result of the act in question and whether the defendant intended to threaten the victim. *Palmer*, ___ Idaho at ___, 575 P.3d at 59. The defendant's act of shooting a gun next to the victim's head, and the victim's observation of the gun immediately thereafter, "would reasonably create a fear that [the defendant] had an ability to harm [the victim] with the firearm." *Id.* And the defendant's aggressive behavior toward the victim, including discharging a firearm, was sufficient to prove the defendant intended to threaten the victim. Neither of these elements inform the sufficiency of evidence of whether the victim had a well-founded fear. *Palmer*, similar to *Pole*, does little to support a conclusion that the evidence in this case was sufficient to prove the well-founded fear element.

While Morgan's conduct could support a finding of well-founded fear, the evidence was insufficient to support such a finding in this case. This conclusion is consistent with the prosecutor's rebuttal closing argument in which the prosecutor attempted to recast the evidence by contending that Casey was fearful but "pushed that fear down" and shut the door because he was "brave[]." That was not the evidence. Casey did not testify that he was "brave" or that he "pushed" fear down. He testified that he was not fearful or frightened, and his actions were consistent with his testimony. Any conclusion that Casey should have been fearful, or may have been brave, is not sufficient to sustain the guilty verdict in this case.[1]

### IV.

### CONCLUSION

The evidence was insufficient to support the jury's verdict finding Morgan guilty of aggravated assault. Accordingly, Morgan's judgment of conviction for aggravated assault and being a persistent violator is vacated.

Chief Judge TRIBE and Judge GRATTON, **CONCUR**.

---

[1] Because we vacate the judgment of conviction for aggravated assault, we need not address Morgan's challenge to the persistent violator enhancement; the persistent violator enhancement is necessarily vacated with the aggravated assault conviction.