## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44574

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 54S** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 14, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CHYNNA DAWN NUSE,** | ) | **SUBSTITUE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| **Defendant-Appellant.** | ) | **DATED OCTOBER 25, 2017,** |
| | ) | **IS HEREBY WITHDRAWN** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order withholding judgment, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Chynna Dawn Nuse appeals from the district court's order withholding judgment after a jury found her guilty of battery against health care workers. Nuse argues the State's evidence was insufficient to support the verdict. The district court's order withholding judgment is affirmed.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Nuse went to the emergency room complaining of abdominal pain. A doctor examined Nuse and ordered a number of tests based on her complaints. The doctor also ordered intravenous fluids which began to be administered to Nuse early in her hospital stay. Nuse was offered a pain medication, but refused it. The doctor's examination did not indicate the need to take emergency action, so the doctor recommended Nuse be discharged and for her to follow up with her primary care doctor. Upset, Nuse told the doctor she thought the doctor did not address

1

Nuse's pain appropriately and she asked for more testing, which the doctor said was unnecessary. Nuse began cursing at the doctor, stood up on the gurney, and the doctor started backing out of the room. Nuse then pulled out her IV and flung it at the doctor. While the IV itself did not make contact with the doctor, IV fluid made contact with the doctor's glasses and two drops of blood made contact with the doctor's right cheek. The doctor called for security and law enforcement.

Nuse was charged with battery against health care workers in violation of Idaho Code §§ 18-903 and 18-915C. At trial, the jury was instructed that the State had to prove, among other elements, that Nuse committed a battery on the doctor "by ripping out her IV and throwing it at him, striking him in the face with fluids from the IV line." The district court further instructed the jury that: "Battery is committed when a person actually intentionally and unlawfully touches or strikes another person against the will of the other," mirroring the language from I.C. § 18-903(b). The jury returned a guilty verdict. The district court entered a withheld judgment and placed Nuse on probation for three years. Nuse timely appeals to this Court.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Nuse argues the evidence was insufficient to support the jury's verdict because no rational juror could have found, beyond a reasonable doubt, that Nuse touched or struck the

doctor. In other words, Nuse contends no juror could find that either the IV fluid made contact with the doctor's glasses or that the two drops of blood made contact with the doctor's right cheek constitute "striking" within the meaning of I.C. §§ 18-903(b) and 18-915C because Nuse did not physically touch the doctor.

Both parties cite to *State v. Billings*, 137 Idaho 827, 54 P.3d 470 (Ct. App. 2002), for the discussion of the criminal state of mind required to commit a battery. However, *Billings* also provides an example of "striking" without a physical touch. In *Billings*, a defendant, after issuing threats, fired a shotgun into the ground immediately next to two men. *Id.* at 828, 54 P.3d at 471. Pellets from the gun ricocheted and struck one of the men in the elbow, throat, and side, causing him to bleed. *Id.* At no point did the defendant physically touch either of the men. However, because the jury found the defendant intended the pellets from the gun to strike the men and because this Court held the jury's finding was supported by sufficient evidence, the defendant's battery conviction was upheld. *Id.* at 830-31, 54 P.3d at 473-74. Though the Court did not explicitly base its holding on I.C. § 18-903(b), the fact that the Court repeatedly framed the issue using the phrase "would strike [the victim]" is instructive.

But *Billings* is not a lone example of the elements of battery being fulfilled by an instrument other than physical touch. *State v. Townsend*, 124 Idaho 881, 886, 865 P.2d 972, 977 (1993). In *Townsend*, although the jury was instructed as to all the methods by which battery could be committed, the Court explicitly stated that "the use of a motor vehicle to intentionally strike another occupied motor vehicle may constitute battery." *Id.* at 885, 865 P.2d at 976. The Court further explained that "the willful use of force or the intentional striking of another person which is made criminal by the statute may be committed indirectly through an intervening agency which the defendant set in motion." *Id.* The Court explicitly held the evidence was sufficient to support the battery conviction "based upon Townsend's use of his pickup truck to strike the car which his wife was driving," thus implicating I.C. § 18-903(b), as opposed to I.C. § 18-903(a). *Townsend*, 124 Idaho at 887, 865 P.2d at 978.

Here, Nuse committed the "striking" element of battery by literally setting in motion the fluid and blood that made contact with the doctor. Like the shotgun pellets from *Billings* and the vehicle from *Townsend*, the fluid and blood constitute an intervening agency. Although Nuse did not physically touch the doctor, Nuse's act of flinging the IV, which ejected the fluid and blood, is an act which a reasonable jury could have found to establish, beyond a reasonable

3

doubt, that Nuse struck the doctor. The testimony concerning Nuse's actions at trial provided substantial evidence for this finding.

## IV.

## CONCLUSION

The jury's verdict finding Nuse guilty of battery against health care workers is supported by substantial evidence. We affirm the district court's order withholding judgment.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.