**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30049 |
| Plaintiff-Appellant, | D.C. No. 1:21-cr-00210-DCN-1 |
| v. | |
| DANIEL VEGA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted July 12, 2023
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Daniel Vega pleaded guilty to being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1), and to possessing a firearm with an obliterated

serial number, in violation of § 922(k). At sentencing, the district court concluded

that Vega's prior conviction for Idaho felony domestic battery with traumatic

injury under Idaho Code § 18-918(2) is not categorically a crime of violence under

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and therefore did not subject Vega to the base offense level increase applicable when a defendant previously has been convicted of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). The district court then imposed a 30-month sentence, which the Government appeals. We agree with the district court that the Idaho felony is not categorically a crime of violence, and we therefore affirm.

"We review *de novo* a district court's decision [whether] a prior conviction is a crime of violence under the Sentencing Guidelines." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005).

The Idaho statute at issue here punishes "a battery," Idaho Code § 18-918(2), that results in "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force," *id.* § 18-918(1)(b). Although there are multiple ways for someone to commit a battery under Idaho law, the least culpable conduct that Idaho law punishes as a battery is the "[a]ctual, intentional and unlawful touching . . . of another person against the will of the other." *Id.* § 18-903(b). Putting this all together, the least culpable conduct that the Idaho statute punishes is an unconsented intentional touching that happens to result in a minor physical injury.

We hold that the Idaho felony is overbroad because *Borden v. United States*,

141 S. Ct. 1817 (2021), requires that a crime of violence[1] involve at least some awareness that the use of force will cause harm, which the Idaho felony lacks.[2]

*Borden* held that crimes with a mens rea of mere recklessness are not violent felonies. The plurality opinion distinguished purpose and knowledge from recklessness and negligence: Whereas the former mental states involve at least "a deliberate choice with full awareness of consequent harm," the latter mental states "instead involve insufficient concern with a risk of injury." *Id.* at 1823-24. The plurality opinion explained that a violent felony does not reach crimes with negligent and reckless mental states because a violent felony is intended to reach crimes that show a defendant's willingness to deliberately harm others, something

---

[1] *Borden* involved the meaning of a "violent felony" in the Armed Career Criminal Act, not the meaning of a "crime of violence" in the Guidelines. But the language defining a "violent felony" in that Act is relevantly identical to the language defining a "crime of violence" in the Guidelines, so the reasoning from *Borden* applies with equal force here. *See United States v. Crews*, 621 F.3d 849, 852 n.4, 856 (9th Cir. 2010) (explaining that precedent interpreting one definition applies to the other because the definitions are nearly identical).

[2] In *Borden*, four Justices voted for Justice Kagan's plurality opinion, Justice Thomas wrote a separate opinion concurring in the judgment, and four other Justices dissented. In Justice Thomas's view, "a crime that can be committed through mere recklessness does not have as an element the 'use of physical force' because that phrase 'has a well-understood meaning applying only to intentional acts designed to cause harm.'" 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment) (quoting *Voisine v. United States*, 579 U.S. 686, 713 (2016) (Thomas, J., dissenting)). Because we view the plurality and the concurrence as each requiring an awareness of consequent harm, we assume without deciding that Justice Kagan's plurality is the controlling opinion. *See Marks v. United States*, 430 U.S. 188, 193 (1977).

crimes with mental states of negligence and recklessness each lack. *Id.* at 1825; *see also id.* at 1830 (discussing how violent felonies are "crimes [] best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—*a deliberate choice of wreaking harm on another*, rather than mere indifference to risk") (emphasis added). And in using examples to describe why a mens rea of recklessness is insufficient for a crime to constitute a violent felony, the plurality opinion noted that what unites purposeful and knowing conduct is an awareness that physical harm will befall the victim. *See id.* at 1826-27 (explaining that both "a person [who] drives his car straight at a reviled neighbor, desiring to hit him" and a "getaway driver [who] sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over" even if "he would prefer a clear road" satisfy the mens rea of a violent felony because "both drivers (even though for different reasons) have consciously deployed the full force of an automobile at another person," "*understanding* [they] will run [someone] over" (emphasis added)). Running through *Borden*, therefore, is the assumption that someone who commits a violent felony possesses some awareness that their action will harm another.[3]

---

[3] Our decision in *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc), which held that the mens rea of extreme recklessness required under a second-degree murder statute satisfies *Borden*, likewise suggests that some awareness of harm is required for a crime of violence. As we explained there,

The Idaho felony lacks any element of such "awareness of consequent harm." *Id.* at 1823. On its face, the statute punishes any intentional touching that happens to cause another person to sustain a minor injury—for example, an unconsented tap from behind that could cause someone to startle and bump a knee, causing a bruise, even though a tap would not be expected to cause a bruise. A person can therefore violate the Idaho statute even if the person consciously deploys force without any awareness that harm will befall another. No legal imagination is required to conclude that the Idaho felony encompasses such conduct. *See United States v. Perez*, 932 F.3d 782, 785 (9th Cir. 2019) (explaining that it is only when a criminal statute's "greater breadth is not apparent from the language of the statute itself [that] a defendant must point to cases in which the state courts in fact did apply the statute in the special (nongeneric) manner to show the statute applies to conduct outside the federal definition") (quotation marks omitted). The Idaho felony is therefore not a categorical match with the definition

---

"kill[ing] . . . recklessly with extreme disregard *for human life*," *id.* at 1093, "requires conduct creating 'a *very high* degree of risk of injury to other persons' and that the defendant 'be aware of that risk,'" *id.* (quoting *United States v. Pineda-Doval*, 614 F.3d 1019, 1038 (9th Cir. 2010)). "[T]he killing of another human being with malice aforethought requires finding that the defendant acted with *extreme indifference*, and that the indifference was *toward human life*." *Id.* at 1094-95. Put another way, a second-degree murderer is aware that his conduct will harm another person because the murderer "must be aware that there are potential victims before he can act with indifference to them" and their lives. *See id.* at 1095 (quoting *United States v. Báez-Martínez*, 950 F.3d 119, 127 (1st Cir. 2020)).

5

of "crime of violence" under the Guidelines.

**AFFIRMED.**

FILED

JUL 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

In my view, the Idaho statute pertaining to "domestic battery with traumatic injury" is categorically a crime of violence for the purpose of sentencing under Guideline Section 2K2.1(a)(4)(A). Accordingly, I would reverse and remand.

First, I agree with the majority disposition that subsection (b) should be the sole focus of our analysis because it describes the least culpable conduct punishable under the Idaho statute. Maj. Disp. at 2. The state of mind required under subsection (b) is "intentional." Idaho Code § 18-903(b). That *mens rea* suffices under Borden v. United States, 141 S. Ct. 1817 (2021) (plurality opinion), which I read differently than the majority disposition understands it. Borden's holding is just this:

> The question here is whether a criminal offense can count as a "violent felony" if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge. We hold that a reckless offense cannot so qualify.

Id. at 1821–22. In other words, Borden simply requires more than a reckless or negligent state of mind to support categorization as a crime of violence. Id. at 1825.

Under Idaho law, "intentional" in subsection (b) means "the intent to *knowingly* [touch or strike another person]." State v. Billings, 54 P.3d 470, 473

(Idaho Ct. App. 2002) (emphasis added) (citation and internal quotation marks omitted). An act done "knowingly" exceeds mere recklessness or negligence. See United States v. Bailey, 444 U.S. 394, 404 (1980) (noting that the different levels of culpable states of mind, in descending order of culpability, are purpose, knowledge, recklessness, and negligence). Applying my reading of Borden, the intent required under subsection (b) is sufficient.

But the same conclusion stands even if we apply the majority disposition's reading of Borden. The majority disposition reads Borden to mean that anyone who commits a violent felony must possess an awareness that the person's action will harm another. But "[a] person who injures another knowingly, even though not affirmatively wanting the result, still makes a deliberate choice with full awareness of the consequent harm." Borden, 141 S. Ct. at 1823. Harmonizing the definition of "intent" in subsection (b) from Billings with Borden's definition of "knowingly," it follows that intentional touching under subsection (b) suffices, because Idaho law requires the person to injure another with awareness of the consequent harm.

Second, the relevant statute requires that the defendant "inflict[] a traumatic injury" on the victim. Idaho Code § 18-918(2)(a). A traumatic injury, under Idaho law, is a "wound" or "injury" to the victim's body "caused by physical force." Idaho Code § 18-918(1)(b) (2018). The infliction of an *actual* wound or injury

2

exceeds the minimum that <u>Johnson v. United States</u>, 559 U.S. 133 (2010), demands, which is only force that is *capable* of causing physical injury. <u>Id.</u> at 140. By definition, force that *actually* causes injury is *capable* of causing injury. Under the statute of conviction, a mere unwanted touching could not support a conviction; rather, an actual physical wound or injury, caused by physical force, is required. <u>See</u> <u>id.</u> at 142 (noting that a mere unwanted touching does not suffice). As we held recently, under <u>Stokeling v. United States</u>, 139 S. Ct. 544, 550–52 (2019), force capable of causing even a minor physical injury necessarily constitutes <u>Johnson</u>-level force. <u>United States v. Alvarez</u>, 60 F.4th 554, 562–65 (9th Cir. 2023), <u>petition for cert. filed</u>, No. 23-5139 (U.S. July 11, 2023).

In sum, both the *mens rea* and the *actus reus* meet the requirements of a crime of violence. Therefore, the Guideline applies, and I dissent from the majority disposition's conclusion to the contrary.